**GREAT SOUTHERN SULPHUR CO. v. RITTER et al. (No. 1239.)**

(Court of Civil Appeals of Texas. El Paso. Oct. 13, 1921.)

1. **Money lent ⬦⬦6—Defendant held not entitled to deduction for transaction not pleaded.**

In an action for money loaned and advanced in which defendant denied borrowing, it was not entitled to a deduction from the recovery of a sum it alleged was paid to plaintiff by defendant's manager without authority or right on her claim for boarding officers and employees of defendant where it had not pleaded such payment, or asked that it be set off.

2. **New trial ⬦⬦102(3)—Affidavits held not to disclose diligence as to newly discovered evidence.**

Where in an action for money loaned plaintiff's evidence showed that a telegram was received from M. that defendant's plant was short on funds, and that plaintiff drew her check for $500, which was cashed, and the money given to H., defendant's employee, who took the money to the plant, and it was spent for supplies therefor, no diligence was shown by affidavits for new trial for newly discovered evidence in which H. affirmed he did not wire plaintiff for money, and did not receive any and M. averred that he did not receive any money from plaintiff for H., the statements not meeting plaintiff's evidence, and no sufficient excuse being offered for not having the available evidence at trial.

3. **Corporations ⬦⬦399(8)—Liable for money borrowed by manager only having apparent authority.**

Though the general manager of a corporation did not have express authority to borrow money for it, but was clothed with apparent authority, and the money was expended for its benefit, it was liable therefor.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Action by Isabella Ritter and husband against the Great Southern Sulphur Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellant.

Hudspeth, Wallace & Harper, of El Paso, for appellees.

HARPER, C. J. Appellee, joined by her husband pro forma, brought this suit for the following sums of money alleged to have been loaned or advanced to appellant: $2,531.35 on or about May 15, 1920; $3,000 due as wages to her husband for the months of May, June and July, 1920, assigned to her; $1,000 on April 28, 1920; $1,000 on April 30, 1920; $1,000 on May 26, 1920; $500 on June 18, 1920.

Defendant answered, denying the allegations of the petition; specifically that it never borrowed any money from plaintiff, nor authorized any one else to do so for it, and if this was done same was without the knowledge or consent of defendant, not accepted nor ratified. The cause was submitted to the court without jury, and judgment entered for plaintiff for the sum of $2,510, from which this appeal.

[1] First assignment:

"The evidence shows a disbursement to plaintiff by her husband of funds belonging to the company in the sum of $1,000 paid to her by him on or about July 7, 1920, and this sum, belonging as it did to the defendant, should be deducted from the amount of the recovery, as the evidence clearly shows that the husband of plaintiff had no right or authority to pay her said sum of money for the account on which it was paid; that it was not liable to her on that account; that it had never employed her nor obligated itself in any way to pay said sum of money for the reasons as testified by her, to wit, for board of officers of the company; that on said account same was a misapplication of funds, but, as that amount was actually received by her, and the court has found that the company was liable to her for moneys advanced, this sum should be credited on the amount found by the court to be due to her, and defendant now asks a credit to that extent; or if the court shall be unwilling to do this, then defendant avers that it should be awarded a new trial on account of the error of the court in the premises."

First proposition under first assignment of error:

"The evidence shows that the husband of appellee gave to her $1,000 of appellee's money on or about July 7, 1920, in alleged settlement of her claim for board of officers and employees at El Paso. The evidence further shows that the payment to her of said sum was wholly unauthorized; that there was no authority for said expenditure; that the company was not obligated therefor, and that it did not know of any such payment and the account thereof until the trial of this cause. It was therefore entitled to have said sum treated as for money had and received and the amount of the recovery in favor of plaintiff herein should have been reduced to the extent thereof. The court erred in not so holding and concluding."

The court made and filed the following only as findings of fact:

"(1) The $2,500 prayed for by plaintiff, as loaned to defendant, I find was loaned to Dr. Ritter, and not to the defendant.

"(2) I find that the plaintiff advanced and loaned to the company the sum of $2,510, all of which is unpaid."

The appellant has not pleaded that this item was improperly paid to plaintiff for any reason, nor has it prayed that the claims of plaintiff be offset by it.

[2] Second assignment is that:

"The judgment should be set aside because of newly discovered evidence as to the item of $500."

The plaintiff's evidence as to this item is: She testified that a telegram was received in El Paso from one Mills at the plant in Culberson county, Tex., to the effect that they were short on funds; that she drew her personal check for $500, which was cashed, and the money delivered to an employee by the name of Hart, and that he took the money to the plant, and that it was thereafter spent for supplies for the plant. In its motion for a new trial it sets up certain affidavits of the said Hart and Mills as newly discovered evidence, and upon which it relied for a new trial, which was refused.

No diligence is shown in that these affidavits do not meet or contradict the plaintiff's evidence in the case; in that Hart says he did not wire the plaintiff to send any money; that he did not receive any from Mills; and Mills' affidavit is that he did not receive the $500 from plaintiff, or any other sum to take to Hart. And, further, the defendant had access to these same employees before the trial, and no sufficient excuse is offered for not having their evidence before the court at the trial.

[3] The third and fourth are that the evidence is too uncertain to be the basis for a recovery against the defendant as to any item sued for, first, because Ritter had no authority to borrow money for his principal; second, the company did not know that he had done so. The evidence in this case is virtually undisputed that Dr. E. W. Ritter was general manager of the defendant, a foreign corporation; that the money, at least the amount for which judgment was rendered, was borrowed by him for the plaintiff (appellee), and that it was used or expended for the benefit of the defendant corporation. There is positive evidence that he (Ritter), as general manager, did not have express authority to borrow money for the corporation, but, as we view the facts of this case, he was clothed with the apparent authority to do so, and the moneys so borrowed having been expended for the benefit of the defendant, appellee should recover. Booker-Jones Oil Co. v. National Ref. Co., 63 Tex. Cr. R. 142, 131 S. W. 623, 132 S. W. 816; R. C. L. vol. 21, § 112, p. 933.

Affirmed.