## B. W. GOODWIN v. THE STATE.

No. 962.    Decided February 15, 1911.

Rehearing Denied June 26, 1911.

**1.—Speeding Automobile—Recognizance.**

Where the recognizance did not state the punishment assessed against the appellant the same was insufficient. However, a sufficient recognizance being filed therafter, the case will be heard on its merits.

**2.—Same—Indictment.**

Where, upon trial of speeding an automobile, the indictment followed the statute, the same was sufficient.

**3.—Same—Wilfully—Duress.**

Where, upon trial of running an automobile at a greater rate of speed than allowed by law, the evidence showed that the defendant was driving the car under the control of another, this was no defense, in not being shown that he was under duress, nor was it a defense that he did not do so wilfully.

**4.—Same—Charge of Court—Misdemeanor.**

Where no charge was requested in a misdemeanor case, the matter can not be reviewed on appeal.

**5.—Same—Public Road—Sufficiency of the Evidence.**

Where, upon trial of speeding an automobile on a public road, there was evidence authorizing the jury to find that the road was a public road, and no charge being requested on this phase of the case, there was no error,

Appeal from the County Court of Jefferson. Tried below before the Hon. R. W. Wilson.

Appeal from a conviction of speeding an automobile penalty, a fine of $50.

The State's testimony showed that the prosecuting witness and others had started out hunting and heard an automobile coming behind them and stopped at the side of the road; that the defendant was driving the automobile at the rate of twenty-five or thirty miles an hour and, as he passed the hunting party, killed a valuable dog; that this was about seven o'clock in the evening, about dark, in the country; that they had no way of measuring the speed except by estimate; that there was another party in the car defendant was driving; that the prosecutor and party remained in this place in the woods and when defendant returned alone they stopped him and took him out and gave him a whipping, and that the defendant then ran off in the woods leaving his machine in the road; that since the occurrence the party riding in the car with the defendant had paid prosecutor $50 for the dog; that the road was used for public travel.

The defendant's testimony was both by the passenger and himself that the machine was not going over fifteen miles an hour; that while they had no speedometer they were satisfied that the car was not going beyond this speed. Defendant testified that he was under the control and direction of his passenger in the car.

*McDowell & Davidson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Upon question of sufficiency of indictment: McConnell v. State, 22 Texas Crim. App., 354; Horan v. State, 24 Texas, 161; State v. Miller, 34 Texas, 535; Williams v. State, 2 Texas Crim. App., 271.

On the question that the evidence was sufficient to prove a public road: Floyd v. State, 25 Texas, 277; Michel v. State, 12 Texas Crim. App., 108.

HARPER, JUDGE.—The appellant in this case was tried and convicted in the County Court of Jefferson County, charged with a misdemeanor.

The Assistant Attorney-General has filed a motion to dismiss this appeal because of the insufficiency of the recognizance, in that said recognizance does not state the punishment assessed against the appellant. In May v. State, 40 Texas Crim. Rep., 196, it is held: "The Twenty-Fifth Legislature amended article 887 of the Code of Criminal Procedure, and provided a form for recognizance on appeal in misdemeanor cases. Among other things, said bond is conditioned that 'appellant, who has been convicted in this case of a misdemeanor and his punishment assessed at $——, as more fully appears from the judgment of conviction, shall appear before this court,' etc., and

a recognizance that does not state the punishment assessed is insufficient."

In this case the recognizance is defective in that particular, and the motion of the Assistant Attorney-General is sustained, and the appeal in this case is dismissed.

*Dismissed.*

ON REHEARING.

March 8, 1911.

HARPER, JUDGE.—At a former day of this term this appeal was dismissed because of insufficient recognizance. Application has been filed to reinstate this cause, and a recognizance as required by law filed, and the order dismissing this cause is set aside, and we will now consider the case on its merits.

1. Bill of exceptions No. 1 complains of the action of the court in refusing to quash the information and complaint. Omitting the formal parts, the information charges: "That on or about the 6th day of November, 1909, defendant did then and there unlawfully drive and operate upon a public road in the county of Jefferson and State of Texas an automobile at a greater rate of speed than eighteen miles an hour, the said public road upon which said automobile was· then and there driven and operated not being then and there a race course or speedway," etc. The court did not err in overruling the motion, as the information sufficiently charges an offense under the Acts of the Thirtieth Legislature, page 193, article 448, Code of Criminal Procedure.

2. In bills of exception Nos. 2 and 3 appellant complains, 1st, that the court failed to give a special instruction, that if defendant was driving the car under the control of another, he would not be guilty, even though he was driving at a greater rate of speed than eighteen miles an hour; 2d, that if defendant was operating his car at a greater rate of speed than eighteen miles an hour, yet if he did not do so wilfully, he would not be guilty.

The article of the Code under which defendant was tried does not require that the State prove that the act was "wilfully" done. It makes it an offense· to drive a car at a greater rate of· speed than that named, and if the jury believed that he was driving the car at a speed greater than permitted by law, they would be authorized to convict. Very few people in driving a car have an evil intent, but the Legislature, in protection of the public, has decreed it wise to limit the speed at which these cars may run, and each one is required to. keep within that limit. As to the car being under the control of another, riding therein, this would be no defense, unless the driver should show he was under duress and so drove the car at the instance and requirement of another. The evidence does not suggest such a condition.

These are all the bills of exception in the record. There are other

grounds of complaint in the motion for a new trial, but this being a misdemeanor, we do not consider such matters unless charges were asked covering the matter complained of, and bills of exception reserved to the action of the court. In this case the complaint is that the testimony is insufficient to show that the road was a public road. No charge was asked on this phase of the case; it is not presented to us by a bill of exceptions in any form, and this being a misdemeanor, and there being some evidence under which the jury would be authorized to find it a public road. See Haynes v. State, 2 Texas Crim. App., 84, and authorities cited.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1911.—Reporter.]