**Rodolfo GARCIA, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–246–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BISSETT,[1] and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

BISSETT, Justice.

A jury found appellant guilty of murder and assessed his punishment at twenty-five years in prison. We affirm.

In his fourth point of error, appellant contends that the trial court erred in not granting his motion for directed verdict. Prior to *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990), a defendant was considered to have waived error on a directed verdict ruling when he presented evidence after the State rested. In *Madden*, however, the Court determined that a motion for directed verdict is really a challenge to the sufficiency of the evidence and that a defendant does not waive error by presenting evidence after the ruling. Nonetheless, an appellate court, when reviewing the defendant's complaint, should consider all the evidence presented by both the State and the defense in the light most favorable to the verdict. *Id.* It is inappropriate to consider just the evidence presented in the State's case-in-chief. Accordingly, we will consider appellant's complaint as an attack on the sufficiency of the evidence. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App.1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

In the present case, appellant was jointly tried with his brother Jose for murdering Tomas Sifuentes. In order to convict appellant of murder under the charge submitted, the jury had to find that appellant personally stabbed and killed Tomas. The evidence shows that appellant and his brothers Jose and Manuel Garcia got into a shouting match with Tomas and Gerardo Sifuentes. The shouting match started in the street near the Sifuentes' home and turned into a fight in the Sifuentes' driveway. The fight was broken up by the Sifuentes' father, and the Sifuentes then went inside their home. Less than five minutes later, the Garcias returned, broke through the Sifuentes' front door, and stabbed both Tomas and Gerardo. Tomas died from his wounds. Gerardo was seriously wounded.

During the State's case-in-chief, Gerardo testified that Jose stabbed Tomas. As Gerardo continued to testify, however, he contradicted himself on whether appellant or Jose Garcia stabbed Tomas. After switching his testimony back and forth, Gerardo finally testified that Jose, not appellant, stabbed Tomas. Gerardo testified that he was confused and did not remember much of what happened. Medical testimony showed that Gerardo was very intoxicated when he was stabbed.

During appellant's case, Manuel was called to testify. He testified that he and appellant went into the Sifuentes' house while Jose remained outside by their car. Manuel testified that he took a pipe into the house and that he did not stab either Tomas or Gerardo.

Jose testified in his own defense. He testified that Manuel and Rodolfo went into the house. Jose testified that he did not stab either Tomas or Gerardo.

Thus, the evidence shows that two of the Garcias entered the Sifuentes' house. Gerardo's testimony, depending on which contradictory version the jury chose to believe, shows that both Jose and appellant stabbed Tomas. Both Manuel and Jose testified, however, that the two Garcias who entered the house were Manuel and Rodolfo, and Manuel denied that he stabbed anyone. Jose denied being in the house or stabbing anyone. Thus, even if we were to discount Gerardo's contradictory testimony, the testimony from Manuel and Jose is sufficient to show that appellant personally stabbed

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

Tomas. When all of this testimony is considered in the light most favorable to the verdict, we find that a rational juror could have found that appellant personally stabbed Tomas. Appellant's fourth point of error is overruled.

■ In his first point of error, appellant contends that the trial court erred in not reading a portion of the indictment at the punishment phase of trial and in not allowing appellant to plead to it. This argument is without merit. The portion of the indictment which appellant complains should have been read explicitly alleged that appellant used a deadly weapon in the commission of the offense. Unlike enhancement paragraphs, an allegation of use or exhibition of a deadly weapon need not appear in the indictment. *Luken v. State,* 780 S.W.2d 264, 266 (Tex.Crim.App.1989). Even when the allegation appears in the indictment, there is no requirement imposed either by statute or case law that the State has to read its allegation on use of a deadly weapon to the jury or that a defendant must plead to that allegation. Appellant's first point of error is overruled.

■ In his second point, appellant contends that the trial court commented on the weight of the evidence when it answered a question from the jury. This point is without merit. During deliberations, the jury asked, "If Jose is found guilty as a party by aiding and abetting within Rodolfo's murder charge, must we find him guilty on his own murder charge?" The trial court answered, "no."

Appellant argues that the trial court's answer gave the jury the impression that they were correct in finding appellant principally guilty and Jose guilty as a party and, in addition, that they did not have to consider the portion of the charge where Jose was the principal and appellant a party.[2] We disagree.

The trial court's answer clearly does not suggest that either Rodolfo or Jose was guilty as a party or principal. The trial court merely answered the jury's hypothet-

ical question about whether it was required to find one brother guilty based on the other's charge. Appellant's second point is overruled.

■ In his third point, appellant contends that the trial court erred in failing to respond to his timely objection to the charge concerning the law of parties. Appellant's complaint is without merit. The jury charge first required the jury to determine whether appellant stabbed and killed Tomas Sifuentes. The law of parties was not included in this portion of the charge and appellant could not have been found guilty as a party. After this portion, the trial court set forth the verdict forms so that the jury could find appellant "guilty" or "not guilty." If the jury found appellant "guilty," they were instructed to proceed to consider whether Jose was guilty as a party. We do not understand how the portion of the charge relating to Jose, which is the only portion of the charge containing instructions on parties and which the jury was to consider only after finding appellant guilty, could have harmed appellant. We find no error. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**2.** We do not understand this portion of appellant's complaint. No portion of the charge permitted the jury to find appellant guilty as a party.