**NAM HOAI LE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–96–607–CR.**

Court of Appeals of Texas, Corpus Christi.

Feb. 12, 1998.

---

Blaise J. Heaney, Bellaire, for Appellant.

Robert E. Bell, Crim. Dist. Atty., Edna, Jim Vollers, Austin, for Appellee.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

YANEZ, Justice.

Upon a plea of nolo contendere, Nam Hoai Le, appellant, was convicted in the Justice Court, in Jackson County, Texas for the offense of speeding and fined $200. He was convicted again after a trial do novo upon his plea of not guilty in County Court, ordered to pay $200 plus court costs. By three points of error, he contends his conviction should be reversed due to fundamental defects in the complaint against him and because the evidence was insufficient to convict him. We affirm.

### Facts

On July 6, 1996, Texas Department of Public Safety Trooper Kenneth Whitehead observed appellant traveling at a high rate of speed on U.S. Interstate 59 in Jackson County, Texas. In order to confirm his visual observation, Whitehead directed his radar device at appellant, and it registered at ninety-five miles per hour. Whitehead testified he is certified in the use of the Dopler radar device, and stated he regularly tests the radar device before and after each daily shift to ensure its accuracy. He said he tested the radar device on July 6, 1996, before appellant's offense. Once he clocked appellant's speed, Whitehead testified that he then pursued appellant, who passed a total of eight other vehicles before Whitehead caught up to him. Whitehead issued a citation to appellant, which indicated he was charged with driving at a speed of 95 miles per hour in a zone where the posted speed was 70. Whitehead explained that, based upon his seven years of experience as a DPS trooper, he believed appellant was traveling at a "very dangerous speed." Whitehead identified appellant as the person he cited on July 6, 1996.

## Points on Appeal

By his first point of error, appellant contends the trial court erred in denying his motion for instructed verdict because the State failed to prove its allegation of speeding. Specifically, appellant contends that, because the complaint[1] charged him with "intentionally and knowingly" driving in excess of the speed limit, the State was obliged to prove this mental state.

A challenge to the denial of a motion for instructed verdict is essentially a challenge to the legal sufficiency of the evidence. *Madden v. State,* 799 S.W.2d 683, 686 (Tex.Crim.App.1990); *Garcia v. State,* 827 S.W.2d 25, 26 (Tex.App.—Corpus Christi 1992, no pet.). If the evidence is sufficient to sustain the conviction, then the trial judge did not err in denying appellant's motion. *Madden,* 799 S.W.2d at 686. In determining the merits of a legal sufficiency claim, we review the evidence adduced to determine if any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154, 157 (Tex.Crim.App.1991).

An operator of a motor vehicle may not drive at a speed greater than is reasonable and prudent under the circumstances then existing. TEX.TRANSP.CODE ANN. § 545.351(a) (Vernon Pamph.1998). Section 545.352 of the transportation code states, "a speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." TEX.TRANSP. CODE ANN. § 545.352(a). The highest rate of speed considered lawful under subsection (b) is 70 miles per hour, and that rate is only considered lawful if it is attained in a passenger car, during the daytime, on a highway numbered by this state or the United States outside an urban district, including a farm-to-market or ranch-to-market, where no special hazard exists that requires a slower speed for compliance with section 545.351(b). *Id.* at subsection (b).

The offense of speeding is a strict liability offense, and requires no showing by the State that a person charged with such offense acted intentionally or knowingly. *Zulauf v. State,* 591 S.W.2d 869, 872–73 (Tex. Crim.App.1979). With regard to the contention that speeding required the requisite mens rea to sustain a conviction for that offense, the court of criminal appeals held almost ninety years ago:

> The article of the Code under which defendant was tried does not require that the State prove that the act was 'willfully' done. It makes it an offense to drive a car at a greater rate of speed than that named, and if the jury believed that he was driving the car at a speed greater than permitted by law they would be authorized to convict. Very few people in driving a car have an evil intent; but the Legislature, in protection of the public, has decreed it wise to limit the speed at which these cars may run, and each one is required to keep within that limit.

*Goodwin v. State,* 63 Tex.Crim. 140, 138 S.W. 399, 400 (1911). The law remains the same today in this regard. *See Albritton v. State,* 676 S.W.2d 717, 720 (Tex.App.—Fort Worth 1984), *on reh'g,* 680 S.W.2d 80, 81 (Tex. App.—Fort Worth 1984, no pet.) ("We stand by our statement that the offense of speeding could be committed by an individual without intentionally meaning to do so."). Therefore, to the extent that the information contained an unnecessary allegation, such as a nonessential culpable mental state, we consider it surplusage which need not be treated as an essential element of proof. *See Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App. 1990); *Hardie v. State,* 588 S.W.2d 936, 938–39 (Tex.Crim.App.1979); *Bustillos v. State,* 832 S.W.2d 668, 674 (Tex.App.—El Paso 1992, pet. ref'd).

Whitehead's testimony was not controverted in any manner by appellant. Based on his uncontroverted testimony alone,

---

1. Appellant uses the term complaint to refer to the State's pleading, rather than "information." Such reference is imprecise, at least with respect to the proceedings at the county court. The State's pleading, which it is obliged to prove, is the information, rather than the complaint which accompanies it. *See* TEX.CODE CRIM.PROC.ANN. 27.01 (Vernon 1989).

we find the evidence legally sufficient to warrant conviction and, consequently, we find no error in the trial court's denial of appellant's motion for instructed verdict. Point one is overruled.

By his second and third points, appellant contends the complaint filed in the county court was fundamentally defective. He contends in his second point that it did not allege the speed at which appellant was traveling, and in his third point that, because the complaint failed to literally track the statutory offense, it failed to allege an offense at all. We disagree on both counts.

The essence of appellant's second point is that the complaint filed in the county court failed to comply with the requirements of section 543.010 of the transportation code, which states,

> The complaint or summons or notice to appear on a charge of speeding under this subtitle must specify:
>
> (1) the maximum or minimum speed limit applicable in the district or at the location; and
>
> (2) the speed at which the defendant is alleged to have driven.

TEX.TRANSP.CODE ANN. § 543.010 (Vernon Pamph.1998). Without citation to any authority other than the statute itself, appellant concludes, "this is a clear violation of Section 543.010," without further explanation or argument.

■ We note initially that appellant made no objection regarding a defect in the complaint accompanying the information prior to the commencement of trial. If a defendant fails to object to a defect in an indictment or information before trial, that defendant may not complain about such defect on appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon 1977). Appellant relies on *Huynh v. State*, 901 S.W.2d 480 (Tex.Crim.App.1995), wherein the court held that article 1.14 does not apply to complaints. Although not expressly stated, appellant suggests, because he is challenging a defect in the complaint, he is not estopped by article 1.14 from bringing the complaint on appeal for the first time on

appeal. For the reasons set out below, we disagree.

Appellant's reliance on *Huynh* is misplaced. In that case, the defective complaint was the charging instrument *in municipal court*. The *Huynh* court construed the limitations contained in article 1.14 literally, as applying only to indictments and informations. In the instant case, on the contrary, the defective complaint at issue was filed in support of the information *in county court*, where the information serves as the charging instrument. TEX.CODE CRIM.PROC.ANN. art. 21.20 (Vernon 1989).

■ Because appellant entered a plea of nolo contendere in justice court, it was not necessary for the State to file a complaint. *See* TEX.CODE CRIM.PROC.ANN. art. 27.14(d) (Vernon 1989). Given appellant's plea, the notice of the offense, or citation, served as the complaint. *Id.* Thus, any argument regarding a defect in a complaint which was not required in the justice court would be frivolous.[2] However, as was his right, appellant appealed the cause to county court. TEX.CODE CRIM.PROC.ANN. art. 4.08 (Vernon 1977).

■ With respect to the de novo trial in the county court, the State concedes a "new" complaint should be filed in county court. *See* Op.Tex.Att'y Gen.No. JM–869 (1988). However, a "complaint" in county court has a different meaning than a "complaint" in justice or municipal court. In the latter, if a defendant pleads not guilty, the complaint itself serves as the charging instrument. TEX.CODE CRIM.PROC.ANN. 27.14 (Vernon 1977). In county court, however, the information is the charging instrument. *See* TEX. CONST. art. V § 12; TEX.CODE CRIM. PROC.ANN. art. 27.01 (Vernon 1989) ("The primary pleading in a criminal action on the part of the State is the indictment or information."). While the information does need to be accompanied by a complaint, TEX.CODE CRIM.PROC.ANN. art. 21.22 (Vernon 1989), the "complaint" referenced in the county court proceedings is an affidavit made by a particular credible person which supports the charg-

---

**2.** We note also that the citation, which is included in the record, specified the offense, the speed limit where the offense occurred, and the speed at which appellant allegedly drove.

ing instrument. Tex.Code Crim.Proc.Ann. art. 21.22. Although this complaint accompanies the information, it is not a charging instrument in and of itself, but is merely a component of the instrument.

 Because the instant case pertains to alleged defect in a document filed with an information in county court, rather than a complaint in a municipal or justice court, we will adhere to the rule of article 1.14, rather than the rule of *Huynh,* which we consider inapposite to this cause. To the extent that the fundamental error rule can be deemed to still exist with respect to indictments or informations,[3] it would be as follows: a party cannot complain about a defect, whether of substance or form, for the first time on appeal unless the complaint is that the charging instrument was so deficient that it failed to confer jurisdiction upon the court to render any conviction. A court is vested with jurisdiction upon presentment of an indictment or information. A charging instrument is considered sufficient to convey jurisdiction so long at it charges a specific person with the commission of an offense which may be understood from the face on the charging instrument. *See Duron v. State,* 956 S.W.2d 547, 549–50 (Tex.Crim.App. 1997).. If the charging instrument meets these requirements, jurisdiction is vested in the court upon its presentment. Tex. Const. art. V § 12. Appellant makes no complaint about the sufficiency of the indictment, which, we note, does charge appellant with the offense of speeding. Therefore, appellant may not complain of any other defects in the information for the first time on appeal.

Even if appellant had objected to the "complaint" at trial, his point would be incorrect. Article 15.05 of the code of criminal procedure sets out the requisites of a complaint accompanying an information as follows:

 The complaint shall be sufficient, without regard to form, if it has these substantial requisites:

1. State the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. Show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. State the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. Be signed by the affiant by writing his name or affixing his mark.

Tex.Code Crim.Proc.Ann. art. 15.05 (Vernon 1977). The proper method of objecting to a defect in the complaint accompanying an information is to file a "motion to set aside" the information. Tex.Code Crim.Proc.Ann. art. 27.03 (Vernon 1989). There are only four grounds upon which exceptions may be made to the substance of an information, and the "defect" complained of by appellant is not within any of those categories. *See* Tex. Code Crim.Proc.Ann. art. 27.08 (Vernon 1989).

The complaint accompanying the information in the instant case reads:

THE STATE OF TEXAS
v. NAM HOAI LE

OFFENSE: SPEEDING

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

BEFORE the undersigned authority, on this day personally appeared

KENNETH WHITEHEAD

herein called "Affiant" who, after being dully [sic] sworn, on oath deposes and says: That the Affiant has good reason to believe and does believe heretofore, on or about

---

3. *See Duron v. State,* 956 S.W.2d at 549.; *see also* Womak, J., concurring opinion, at 554–55 (criticizing the majority opinion for applying "fundamental defect" analysis to charging instruments, arguing that the common law fundamental defect rule should be abolished, in accordance with legislative intentions).

JULY 6, 1996

And before the making and filing on this Complaint in the County of Jackson and the State of Texas,

NAM HOAI LE

did then and there unlawfully in said County and State,

did then and there intentionally and knowingly drive and operate a motor vehicle upon a public highway outside an urban district upon a FEDERAL HIGHWAY at a speed greater than was reasonable and prudent under the conditions then existing having regard to the actual and potential hazards and at a speed in excess of 70 miles per hour against the peace and dignity of this State.

The complaint indicates it was sworn and subscribed to by Kenneth Whitehead on August 30, 1996, before the Jackson County District Attorney, who also signed the complaint, along with the Jackson County court clerk. This complaint satisfies all the requisites of a complaint under the code of criminal procedure. Without deciding the issue, to the extent that the complaint accompanying an information filed in county court can be said to not correspond with section 543.010 of the transportation code, we would consider such defect one of form.

Because the information was sufficient to confer jurisdiction upon the county court, and because the complaint accompanying it was not substantially defective, appellant may not raise any complaint regarding a defect in the form of the affidavit on appeal. Point of error two is overruled.

By his third point of error, appellant again complains about a "defect" in the complaint. He contends the complaint, which states appellant was driving "at a speed greater than what was reasonable and prudent under the conditions then existing having regard to the actual and potential hazards," uses language from two different sections of the code, and thereby is fundamentally defective. The same language was used in the indictment. This point is without merit.

An information is sufficient for purposes of subject matter jurisdiction if the defendant can determine from the face of the instrument which statutory offense the State charged him with violating, and it need not allege every element. *Duron,* 956 S.W.2d at 549. The complaint (and information) incorporated language from both sections 545.351, titled "Maximum Speed Requirement" (drivers may not exceed speed "greater than is reasonable and prudent under circumstances then existing ... under circumstances then existing and having regard to actual and potential hazards then existing"), and section 545.352, titled "Prima Facie Speed Limits" (speed in excess of speed limits is prima facie evidence of a speed which is "not reasonable and prudent"). The language of section 545.352 merely sets out what speeds are considered prima facie evidence of speeding, or traveling at a speed that is "not reasonable and prudent." It is clear from the face of the complaint and information that appellant was charged with violating section 545.351 of the transportation code. Because the information and accompanying complaint satisfy both the requirement of article V, section 12 of the Texas Constitution and those of the code of criminal procedure, they were sufficient to support a conviction. Any other defects, such as the alleged failure of the complaint "to allege speed limit exceptions" may not be raised for the first time on appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14. Point of error three is overruled.

The judgment of the trial court is affirmed.