NUMBER
13-01-00001-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

ESTANISLADO MORIN,                                                       Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

     On
appeal from the 275th District
 Court of Hidalgo County,
 Texas.

 

                          MEMORANDUM
OPINION

 

         Before Chief
Justice Valdez and Justices Hinojosa and Castillo

                                 Opinion by
Justice Hinojosa

 








A jury found appellant, Estanislado Morin, guilty of two counts of indecency with a
child and assessed his punishment at five years imprisonment and a $5,000 fine
for each count, but recommended that the sentences and fines in both counts be
suspended and that appellant be placed on community supervision.  The trial court followed the jury=s recommendations,
suspended the sentences and fines in both counts, and placed appellant on
community supervision for a term of five years for each count.

In six points of error,
appellant contends: (1) the trial court erred by making impermissible comments
on the weight of the evidence; (2) the trial court erred by allowing extensive
hearsay evidence to be presented to the jury; (3) the trial court erred by
allowing into evidence a medical report containing hearsay; (4) the trial court
erred in overruling appellant=s motion for directed
verdict; and (5) appellant was denied effective assistance of counsel.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties 

are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1.         

In his first point of
error, appellant contends the trial court improperly commented on the weight of
the evidence.  Although appellant did not
object to the comments at trial, Ait is the province of
this Court to >take notice of
fundamental errors affecting substantial rights although they were not
presented to the court.=@ Jasper v. State,
61 S.W.3d 413, 420 (Tex. Crim. App. 2001); see
also Tex. R. Evid. 103.  The trial court may not comment on the weight
of the evidence or convey an opinion of the case in the jury=s presence at
any stage of the trial.  Tex. Code Crim. Proc. Ann. art. 38.05
(Vernon
1979); Blue v. State, 41 S.W.3d 129, 134 (Tex. Crim.
App. 2000) (plurality opinion).   








After reviewing
the record, we conclude that the interchanges of which appellant complains do
not rise to such a level as to bear on the presumption of innocence or vitiate
the impartiality of the jury.  It is not
improper for a trial judge to interject in order to correct a misstatement or
misrepresentation of previously admitted testimony.  Jasper, 61 S.W.3d at
421.  Further, a trial judge=s irritation at
the defense attorney does not translate to an indication as to the judge=s views about
the defendant=s guilt or
innocence.  Id.  A trial judge has broad discretion in
maintaining control and expediting the trial. 
Id.  The record reflects
that the comments complained of were aimed at clearing up a point of confusion
and expediting the trial.  Appellant=s first point
of error is overruled.

In his second
point of error, appellant contends the trial court erred in allowing as
substantive evidence the written statements of the victim after she had testified.  It is a well-settled principle that to
preserve error for review on appeal, a defendant must object timely,
specifically, and receive an adverse ruling at trial.  Tex.
R. App. P. 33.1 
(a); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). 
The objecting party must continue to object each time the objectionable
evidence is offered.  Fuentes
v. State, 991 S.W.2d 267, 273 (Tex. Crim. App.
1999).  Although counsel initially
objected to the victim=s statements,
he withdrew his objection because the affidavits were Asubmitted for
the purpose of allowing the jury to decide for themselves whether or not there is discrepancies between [the] two statements.@  In the absence of any objection and a ruling
on the objection, error has not been preserved. 
See Tex. R. App. P. 33.1(a).  Appellant=s second point of error is overruled.

In his third
point of error, appellant contends the trial court erred in allowing the
testimony of the outcry witness, the victim=s mother, because it was hearsay.  After reviewing the record, we conclude that
the hearsay statement of the victim=s mother was
admissible because it was made in accordance with Texas Code of Criminal
Procedure article 38.072.  See Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon
Supp. 2002).  Appellant=s third point
of error is overruled.








In his fourth
point of error, appellant contends the trial court erred by admitting into
evidence the victim=s medical
report.  Appellant asserts that the
report only served Ato bolster the
testimony of both the [victim=s mother] and
the [victim].@  It is a well-settled principle that to
preserve error for review on appeal, a defendant must object timely and
specifically and receive an adverse ruling at trial.  Tex.
R. App. P. 33.1(a); Turner, 805 S.W.2d at 431.  The record reflects that counsel initially
objected to the medical report as hearsay. 
However, after he took the doctor on voir
dire, counsel announced that he had Ano objection@ to the
report.  In the absence of any objection
and a ruling on the objection, error has not been preserved.  See Tex.
R. App. P. 33.1(a).  Appellant=s fourth point of error is overruled.








In his fifth
point of error, appellant complains that the trial court erred in overruling his
motion for directed verdict.  Appellant
contends the State failed to prove when the alleged offenses occurred.  A challenge to the denial of a motion for
directed verdict is actually a challenge to the legal sufficiency of the
evidence.  See Madden v. State,
799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Nam Hoai Le v. State, 963 S.W.2d 838, 841 (Tex. App.BCorpus Christi
1998, pet. ref=d).  In reviewing the legal sufficiency of the
evidence to support a conviction, we view the evidence in the light most favorable
to the verdict to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319
(1979); Rosillo v. State, 953 S.W.2d
808, 811 (Tex. App.BCorpus Christi 1997, pet. ref=d).  Contradictions or conflicts between the
witnesses= testimony do
not destroy the sufficiency of the evidence; rather, they relate to the weight
of the evidence, and the credibility the trier of
fact assigns to the witnesses. See Weisinger v.
State, 775 S.W.2d 424, 429 (Tex. App.BHouston [14th
Dist.] 1989, pet. ref=d).

Under rule
38.1(h) of the Texas Rules of Appellate Procedure, every appellant=s brief must
contain a clear, concise argument in support of his contention, including
appropriate citations to authorities and to the record.  See Tex.
R. App. P. 38.1(h).  By raising an issue and failing to present
any argument or authority on that issue, the party waives that issue.  Bridgewater v. State, 905 S.W.2d 349,
354 n.5 (Tex. App.BFort Worth 1995, no pet.).  Because appellant=s brief is
devoid of any argument or supporting authority addressing his allegations that
the trial court erred in denying his motion for directed verdict, he has waived
his complaint.

Assuming, arguendo, that appellant had not waived this issue,
after reviewing the record, we conclude that the evidence was legally
sufficient and the trial court did not err in denying appellant=s motion for
directed verdict.  Appellant=s fifth point
of error is overruled.








In his sixth
point of error, appellant contends he was denied effective assistance of
counsel during trial.  Claims of
ineffective assistance are analyzed under the rule set forth in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted by the court of criminal
appeals in Hernandez v. State, 726 S.W.2d 53, 56 (Tex. Crim. App. 1986). 
The Strickland standard applies to ineffective assistance of
counsel at both the guilt-innocence and punishment phases of the
proceedings.  Hernandez
v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).
 Our review of counsel's performance must be
highly deferential.  Strickland,
466 U.S. at
689; Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim.
App. 1994).  The burden of proving
ineffective assistance of counsel is on the appellant and is one which requires
proof by a preponderance of the evidence. 
Stafford v. State, 813 S.W.2d 503, 506 n.1
(Tex. Crim. App. 1991); Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985).  An allegation of ineffective assistance of
counsel will be sustained only if it is firmly founded in the record and if the
record affirmatively demonstrates counsel's alleged ineffectiveness.  Ex parte
McWilliams, 634 S.W.2d 815, 819 (Tex. Crim. App.
1980).  In determining whether
trial counsel rendered deficient performance, we employ a strong presumption
that counsel's conduct constitutes sound trial strategy.  Strickland, 466 U.S. at 689. 

After reviewing
the entire record, we find no evidence establishing that appellant received
ineffective assistance of counsel during trial. 
The record reflects that appellant=s counsel made
a bona fide attempt to defend appellant during trial.  Accordingly, we overrule appellant=s sixth point
of error.

The two
judgments of the trial court are affirmed.

 

 

FEDERICO G.
HINOJOSA

Justice

 

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

23rd
day of May, 2002.