Opinion issued February 17, 2005











 

In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00062-CR




 WEIZHONG ZHENG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court at Law
 Waller County, Texas
Trial Court Cause No. CC03-499




MEMORANDUM OPINION

          A jury in a Justice of the Peace court convicted appellant, Weizhong Zheng, of
the offense of speeding. See Tex. Transp. Code Ann. § 545.351 (Vernon 1999). In
a trial de novo in the County Court at Law, the trial court found appellant guilty after
a bench trial and assessed a $250.00 fine. We determine (1) whether the evidence
was legally and factually sufficient to show that appellant’s speed was not reasonable
and prudent; (2) whether appellant preserved his complaints based on the trial court’s
admission of radar evidence of appellant’s speed; and (3) whether appellant preserved
his complaint that the trial court abused its discretion in denying his pre-trial motion
for discovery. We affirm.
Background
          Department of Public Safety (“DPS”) Trooper D. Masters had been trained at
the DPS academy on how to operate and to certify the accuracy of radar. He was
recertified in radar operation every two years. On January 18, 2003, Trooper Masters
noticed two cars traveling on the highway near or beside each other at the same high
speed. Using his radar, Trooper Masters clocked the two cars at 82 miles per hour in
an area in which the speed limit was 65 miles per hour. Trooper Masters then pulled
over the vehicles and cited both drivers for speeding. Appellant was one of the
drivers. Prior to determining the cars’ speed, Trooper Masters had calibrated his
radar with a tuning fork, pursuant to DPS policy and training. The trooper testified
that he believed that his radar had given an accurate reading of the cars’ speed. 
          Appellant testified that he was traveling “about 70” miles per hour and
“cruising and listening to music” in “fairly light” traffic when his radar detector
alerted. Although appellant admitted that, at the time that he was stopped, the speed
limit was 65 miles per hour, he claimed that a state government website showed that
the speed limit had been 70 miles per hour until about eight months before, but had
been changed for environmental reasons. Appellant also claimed to have found from
a website that the average speed around the time of trial for the pertinent area was 70
miles per hour.



Sufficiency of the Evidence
          In his third issue, appellant contends that “[t]he trial court erred in finding that
Appellant’s speed was not reasonable or prudent.” We construe this challenge to
attack the legal and factual sufficiency of the evidence showing that appellant was
speeding.
A.      Standards of Review
          In conducting a legal-sufficiency review, we view the evidence in the light
most favorable to the verdict and ask whether any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). 
          In reviewing a factual-sufficiency challenge, we ask “whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Id. at 11. The factual-sufficiency standard “acknowledges that evidence of
guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the
elements of the crime beyond a reasonable doubt.” Zuniga v. State, 144 S.W.3d 477,
485 (Tex. Crim. App. 2004). The appellate court should not substitute its own
judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996). The fact finder is entitled to believe all, some, or none of any witness’s
testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
B.      Discussion
          “An operator may not drive at a speed greater than is reasonable and prudent
under the circumstances then existing.” Tex. Transp. Code Ann. § 545.351(a); see
also id. § 545.351(b). “A speed in excess of the limits established by Subsection (b)
or under another provision of this subchapter is prima facie evidence that the speed
is not reasonable and prudent and that the speed is unlawful.” Id. § 545.352(a)
(Vernon 1999).
 
          Trooper Masters testified that his radar clocked the two cars, one of which was
appellant’s, at 82 miles per hour in a 65-mile-per-hour zone. This was some
evidence, viewed in the light most favorable to the judgment, that appellant’s speed
was neither reasonable nor prudent. See id. § 545.352(a) (establishing speed in
excess of speed limit as prima facie evidence of unreasonable, imprudent, and
unlawful speed); see Le v. State, 963 S.W.2d 838, 841-42 (Tex. App.—Corpus Christi
1998, pet. ref’d) (holding that officer’s testimony that radar clocked accused’s speed
at 95 miles per hour in a 70-mile-per-hour zone was legally sufficient to support
speeding conviction); Larson v. State, No. 01-99-00203-CR, 1999 WL 977833, at *2
(Tex. App.—Houston [1st Dist.] Oct. 28, 1999, no pet.) (not designated for
publication) (holding that officer’s testimony that radar clocked accused’s speed at
72 miles per hour in a 55-mile-per-hour zone was legally sufficient evidence to
support speeding conviction). We hold that the evidence was legally sufficient to
support appellant’s conviction.
          Appellant claims that the evidence was factually insufficient for the following
reasons: (1) the speed limit had previously been 70 miles per hour and had been
reduced to 65 miles per hour, allegedly for environmental reasons, rather than for
safety reasons; (2) the average speed in the pertinent area a few days before trial was
70 miles per hour; and (3) traffic was light on the day of the violation. However,
appellant admitted that, at the time that he was stopped, the actual speed limit was 65
miles per hour, 17 miles per hour below the speed at which the trooper testified that
appellant had been driving and five miles per hour below the speed at which appellant
claimed to have been driving. By even appellant’s testimony, he was exceeding the
speed limit. Additionally, the trial court could have believed that appellant was
driving 82 miles per hour, as the trooper testified, rather than at 70 miles per hour, as
appellant testified. Thus, even if a speed admittedly five miles per hour above the
speed limit could be deemed reasonable and prudent, the trial court could have
believed that appellant was not driving at that speed, but was instead driving at 12
miles per hour above that speed. As for appellant’s contention that the average speed
in the area was 70 miles per hour, appellant did not seek to admit evidence in support
of his contention, he did not explain why the internet website from which he had
allegedly obtained this data was reliable, and the website’s data on which he based
this testimony concerned the speed as of a few days before trial, rather than as of the
time of the violation. Finally, the trial court could reasonably have believed that light
traffic meant less chance that the radar had read the speed of the wrong cars, rather
than viewing that fact in a way that favored appellant. Simply put, the trial court was
in the best position to assess witness credibility and evidentiary weight, and we
cannot disturb the court’s implicit credibility and weight determinations on appeal. 
See Sharp, 707 S.W.2d at 614.
          We hold that the State’s evidence was not so obviously weak as to undermine
confidence in the conviction and that that proof was not so greatly outweighed by
contrary proof as to render the conviction manifestly unjust. See Zuniga, 144 S.W.3d
at 484; Johnson, 23 S.W.3d at 11. We thus hold that the evidence was factually
sufficient to support appellant’s conviction.
          We overrule appellant’s third issue.
Admission of Radar Evidence
          In his first and second issues, appellant argues that the trial court abused its
discretion by admitting radar evidence to determine both appellant’s speed and the
fine assessed. Specifically, appellant argues that the State failed to show that the
radar evidence was reliable and relevant under Kelly v. State. See 824 S.W.2d 568,
572 (Tex. Crim. App. 1992) (holding generally that, for scientific-theory evidence to
be considered reliable, its underlying scientific theory must be valid, technique
applying theory must be valid, and technique must have been properly applied on
occasion in question). 
          However, appellant has waived his challenges because (1) he did not object
when the trooper testified to the speed at which the radar clocked appellant, and
appellant himself discussed the radar-recorded speed on cross-examination, and (2)
when appellant did object to the trooper’s testimony, appellant did not raise any
ground that could be construed as a Kelly objection.


 Appellant argues that he, as “a
pro se party, objected as best he could to the validity of the introduction of the radar
unit and the lack of foundation established by the State.” However, “[t]he rules of
evidence, procedure, and substantive law will be applied the same to all parties in a
criminal trial whether that party is represented by counsel or acting pro se.” Williams
v. State, 549 S.W.2d 183, 187 (Tex. Crim. App. 1977).
          We overrule appellant’s first and second issues.
 
Discovery Ruling
          In his fourth issue, appellant argues that the trial court abused its discretion by
implicitly denying his pre-trial motion for discovery of the name of and information
concerning the other driver who was pulled over with appellant. Appellant’s only
argument is: “This information was in the possession of the State, [appellant] had
good cause for asking for it, and it was material. By refusing to allow [appellant] to
discover the identity of the one witness who could exonerate [appellant], the trial
court committed reversible error.”
          Appellant moved to discover the other driver’s name, driver’s license number,
and contact information on August 15, 2003. On October 1, 2003, the trial court
signed what appears to have been a standard discovery order. The court’s order did
not expressly mention the other driver, but the order did require the State to produce
“all exculpatory evidence pursuant to Brady v. Maryland


 and related cases.”
          We hold that appellant has waived his complaint. He did not object that the
court’s discovery order did not expressly require production of this information; he
did not advise the court at any time before, during, or after trial that he could not
proceed without this information, or even that the other driver could have provided
exculpatory evidence.


 See Tex. R. App. P. 33.1(a); Tex. R. Evid. 103(a). Moreover,
the court did order the State to produce all exculpatory evidence; the order could thus
arguably have covered even the other driver’s identity and information, if the State
possessed evidence about the other driver and determined that it was exculpatory. 
Given that the order required a Brady disclosure that could theoretically have covered
this aspect of appellant’s discovery request, appellant had a duty to notify the court
if he did not receive the requested information from the State. Indeed, the order itself
provided:
This Order will dispose of all pre-trial discovery and specified request
motions heretofore filed. Because of the extensive nature of the
discovery herein ordered, it will be considered that such Order is
acceptable to the Defense pending the review of the evidence and
documents ordered. In the event that further particularized discovery
is considered necessary, the Defense will thereafter file a written Motion
for Discovery, addressing only matters not covered in this Order, and
such Motion will be presented to the Court at the earliest practical
opportunity before trial.
(Emphasis added.) Appellant did not follow this procedure.
          Additionally, appellant has not shown any harm. See Tex. R. App. P. 44.2(b)
(“Any other error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded.”). During trial, appellant did not try to ask the trooper
about the other driver’s identity, although he cross-examined the trooper about the
court in which the other driver’s citation was filed; the trooper testified that both
drivers were driving at 82 miles per hour, and even appellant admitted that he was
exceeding the speed limit by five miles per hour; appellant’s questioning indicated
that he knew in what court the other driver’s citation was filed and the other driver’s
citation number, and nothing shows that appellant would not have had access to the
other driver’s identity through that court’s records; and nothing shows that the other
driver would in fact have provided exculpatory evidence,


 as appellant claims for the
first time on appeal. 
          We overrule appellant’s fourth issue.

Conclusion

          We affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice

Panel Consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).