

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00196-CR

ASHLEE NICOLE GULLEDGE                                APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1288747

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

After the denial of her motion to suppress, Appellant Ashlee Nicole Gulledge pleaded guilty to misdemeanor driving while intoxicated pursuant to a plea-bargain agreement, but she reserved her right to appeal the denial of her motion to suppress. *See* Tex. Penal Code Ann. § 49.04(a), (b) (West Supp.

---

[1]*See* Tex. R. App. P. 47.4.

2015).  In accordance with Gulledge's plea bargain, the trial court sentenced her to ninety days' confinement, suspended the sentence, and placed her on community supervision for twelve months.  In two issues, Gulledge argues that the trial court erred by denying her motion to suppress.  We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At 2:51 a.m. on July 9, 2012, Officer Christina Gonzales of the North Richland Hills Police Department was traveling in her patrol vehicle when she observed Gulledge driving "at a high rate of speed."  Officer Gonzales checked her front-moving Doppler radar—which is mounted on her patrol vehicle—and it indicated that Gulledge was traveling fifty-four miles per hour.[2]  The posted speed limit in the area was forty miles per hour.  Officer Gonzales then initiated a traffic stop.  Following that traffic stop, Officer Gonzales arrested Gulledge for driving while intoxicated.

Gulledge filed a motion to suppress, arguing that Officer Gonzales did not have reasonable suspicion to stop her vehicle.  After conducting a hearing, the trial court denied Gulledge's motion to suppress.  The trial court later issued findings of fact and conclusions of law relating to its denial of Gulledge's motion to suppress.  The trial court concluded that Officer Gonzales had reasonable

---

[2]Officer Gonzales testified that she had checked to make sure the radar was functioning properly before she started her shift.  She also testified that there was no possibility that the radar had picked up the speed of another vehicle, as Gulledge's vehicle was the only vehicle in the area other than Officer Gonzales's patrol vehicle.  Gulledge did not object to the radar testimony at the suppression hearing, nor did she present any evidence to controvert the radar testimony.

suspicion to stop Gulledge's vehicle under sections 545.351 and 545.353 of the transportation code. *See* Tex. Transp. Code Ann. § 545.351 (West 2011); Tex. Transp. Code Ann. § 545.353 (West Supp. 2015). Through this appeal, Gulledge argues that Officer Gonzales did not have reasonable suspicion under either section 545.351 or section 545.353.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *State v. Kelly*, 204 S.W.3d 808, 818–19 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818. We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if

3

the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), *cert. denied*, 541 U.S. 974 (2004).

## IV. THE LAW REGARDING TRAFFIC STOPS

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 1997). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.*

## V. REASONABLE SUSPICION UNDER SECTION 545.351 OF THE TRANSPORTATION CODE

In her second issue, Gulledge argues that the trial court erred by denying her motion to suppress because Officer Gonzales did not have reasonable

4

suspicion to stop Gulledge's vehicle under section 545.351 of the transportation code. That section provides, in pertinent part, that "[a]n operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." Tex. Transp. Code Ann. § 545.351. Pointing to *Ford*, 158 S.W.3d at 492, Gulledge contends that the stop was not justified because Officer Gonzales did not provide specific, articulable facts that Gulledge was driving at a speed greater than what was reasonable and prudent under the circumstances.

In *Ford*, Ford's vehicle was stopped based on an alleged violation of section 545.062 of the transportation code—a section that makes it illegal for an operator of a vehicle to follow another vehicle too closely. *Ford*, 158 S.W.3d at 490; *see* Tex. Transp. Code Ann. § 545.062 (West 2011). Following the stop, officers discovered a controlled substance in Ford's vehicle. *Ford*, 158 S.W.3d at 491. At Ford's suppression hearing, the testifying officer made the conclusory statement that Ford traveled too closely behind another vehicle, but the officer did not provide any specific, articulable facts to support that statement. *Id.* at 493. The court of criminal appeals held that the trial court erred by not granting the motion to suppress because the State did not provide any specific, articulable facts to demonstrate that the officer's belief that Ford was following another vehicle too closely was objectively reasonable. *Id.* at 493–94.

Here, Officer Gonzales provided specific, articulable facts to demonstrate that Gulledge was driving at a speed greater than what was reasonable and prudent under the existing circumstances. Officer Gonzales presented

5

uncontroverted evidence that Gulledge was traveling fifty-four miles per hour in a forty-mile-per-hour zone. As provided by section 545.352 of the transportation code—a section Gulledge does not address in her brief—evidence that a driver exceeds a speed limit set in accordance with the transportation code "is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." *See* Tex. Transp. Code Ann. § 545.352 (West Supp. 2015).

Because the State presented evidence that Gulledge was travelling at a speed in excess of the posted speed limit, the State presented prima facie evidence that Gulledge was driving at a speed greater than what was reasonable and prudent under the circumstances. *See* Tex. Transp. Code Ann. § 545.352; *Warren v. State*, No. 05-08-01431-CR, 2009 WL 3467013, at *4 (Tex. App.— Dallas Oct. 29, 2009, no pet.) (concluding that officer had reasonable suspicion that defendant was violating section 545.351 because radar showed defendant was traveling seventy miles per hour in a sixty-five-mile-per-hour zone); *Texas Dep't of Pub. Safety v. Ricks*, No. 13-04-00597-CV, 2006 WL 1704014, at *4 (Tex. App.—Corpus Christi June 22, 2006, no pet.) (concluding radar that showed defendant traveling sixty-one miles per hour in a thirty-five-mile-per-hour zone provided "specific, articulable facts" that could reasonably have led the officer to believe the defendant was violating section 545.351); *Nam Hoai Le v. State*, 963 S.W.2d 838, 840, 844 (Tex. App.—Corpus Christi 1998, pet. ref'd) (upholding defendant's conviction for violating section 545.351 based on officer's testimony that he observed defendant traveling at a high rate of speed and his

6

radar indicated defendant was traveling ninety-five miles per hour in a seventy-mile-per-hour zone).

The State's evidence established specific, articulable facts objectively demonstrating that Gulledge had violated section 545.351 of the transportation code; accordingly, we hold that the trial court did not err in concluding that Officer Gonzales possessed reasonable suspicion to stop Gulledge's vehicle. We overrule Gulledge's second issue.

### VI. REASONABLE SUSPICION UNDER SECTION 545.353 OF THE TRANSPORTATION CODE

In her first issue, Gulledge argues that the trial court erred by denying her motion to suppress because Officer Gonzales did not have reasonable suspicion to stop Gulledge's vehicle under section 545.353 of the transportation code. Gulledge argues that section 545.353 fails to define any criminal offense or to provide in any respect how a motorist's conduct would be a violation of that statute. Gulledge is correct that section 545.353—which concerns the authority of the transportation commission to alter speed limits—is not a section providing a criminal offense. *See* Tex. Transp. Code Ann. § 545.353. The trial court, however, did not rely solely on section 545.353 in ruling that Officer Gonzales had reasonable suspicion to stop Gulledge's vehicle; the trial court also concluded that Officer Gonzales had reasonable suspicion under section 545.351, and as demonstrated above, the trial court did not err in making such a ruling.

7

We must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling. *Stevens*, 235 S.W.3d at 740; *Armendariz*, 123 S.W.3d at 404. Here, as set forth above, Officer Gonzales had reasonable suspicion to stop Gulledge's vehicle under section 545.351. Because we uphold the trial court's denial of Gulledge's motion to suppress on this basis, the fact the trial court also relied on section 545.353, even if such reliance was incorrect, provides no basis for reversal. *See Stevens*, 235 S.W.3d at 740; *Armendariz*, 123 S.W.3d at 404. We overrule Gulledge's first issue.

## VII. CONCLUSION

Having overruled Gulledge's two issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 11, 2016