# NO. 12-23-00089-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHAUNTE BATES-HAYNES, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO 2* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chaunte Bates-Haynes appeals her conviction for criminal mischief. In two issues, Appellant contends the trial court lacked jurisdiction and she was unreasonably seized without a warrant. We affirm.

### BACKGROUND

Appellant was charged by complaint and information with criminal mischief in an amount of at least $100 but less than $750. Appellant was not arrested. The County Clerk notified Appellant of the arraignment via mail. Appellant appeared and was appointed counsel. Subsequently, Appellant filed a motion to suppress alleging that "no probable cause exists for [her] arrest and continued detention." The trial court denied the motion after conducting a hearing.

At trial, Appellant pleaded "not guilty," and the matter proceeded to a jury trial. After the jury found Appellant "guilty," Appellant and the State reached an agreement on punishment. The trial court assessed punishment in accordance with the agreement at 180 days confinement probated for twelve months and a $100 fine. This appeal followed.

In her first issue, Appellant urges the complaint and information have technical deficiencies, which divest the trial court of jurisdiction. Specifically, Appellant contends that the information does not include a date on which it was sworn; therefore, she argues that it is impossible to determine whether the complaint was sworn to prior to presentation of the information.

A party cannot complain about a defect, whether of substance or form, for the first time on appeal unless the complaint is that the charging instrument was so deficient that it failed to confer jurisdiction upon the court to render any conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *Nam Hoai Le v. State*, 963 S.W.2d 838, 843 (Tex. App.—Corpus Christi 1998, pet. ref'd). A court is vested with jurisdiction upon presentment of an indictment or information. TEX. CONST. art. V § 12; *Nam Hoai Le*, 963 S.W.2d at 843. A charging instrument is considered sufficient to convey jurisdiction so long at it charges a specific person with the commission of an offense which may be understood from the face of the charging instrument. *Nam Hoai Le*, 963 S.W.2d at 843; *see Duron v. State,* 956 S.W.2d 547, 549–50 (Tex. Crim. App. 1997). If the charging instrument meets these requirements, jurisdiction is vested in the court upon its presentment. TEX. CONST. art. V § 12.

Here, Appellant makes no complaint about the sufficiency of the information, which, we note, charges Appellant with the offense of criminal mischief. Furthermore, Appellant did not file a motion to set aside the information in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 27.02 (West 2006). Therefore, Appellant may not complain of any other defects in the information for the first time on appeal. *See id.* art. 1.14(b); *Nam Hoai Le*, 963 S.W.2d at 843.

However, even had Appellant objected to the information at trial, it is not defective. An information is a written statement filed and presented on behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be prosecuted and must comport with the requisites of Article 21.21. TEX. CODE CRIM. PROC. ANN. arts. 21.20, 21.21 (West 2009). The information may be sworn to before the district or county attorney who, for that purpose, has the power to administer the oath, or it may be made before any officer authorized by law to administer oaths. *Id*. art. 21.22 (West 2009). An information is sufficient if, among other things, the time mentioned therein is a date anterior to the filing of the information, and the offense does not appear to be barred by limitation. *Id*. art. 21.21(6). An information

shall not be presented until a complaint, an affidavit made by a credible person charging the defendant with an offense, has been filed therewith. *Id*. art. 21.22. A complaint is a sworn allegation charging an accused with the commission of an offense and must substantially satisfy the requisites of Article 45.019, including the requirement that the complaint state the date the offense was committed as definitely as the affiant is able to provide. *Id*. arts. 45.018(a), 45.019(a)(5) (West 2018).

The record reflects that the complaint and information were filed together. Absent evidence to the contrary, it is presumed that the complaint was filed before the information. *Kaspar v. State*, 376 S.W.2d 358, 359 (Tex. Crim. App. 1964). Furthermore, the information was filed on August 10, 2022, and the alleged offense occurred on April 7, 2022. Therefore, the date of the information's filing is after the date the offense was alleged to occur. *See* TEX. CODE CRIM. PROC. ANN. art. 21.21(6). And the information otherwise complies with Article 21.21. Therefore, we overrule Appellant's first issue.[1]

### UNREASONABLE SEIZURE

In her second issue, Appellant asserts she was unreasonably seized. On this issue, Appellant's brief lacks citation to any legal authorities. In addition, the entirety of her argument on unreasonable seizure is as follows:

> Appellant was subjected to unreasonable seizure when she was brought before the trial court when no warrant was issued for her arrest via a magistrate's determination of probable cause. "If the court will take judicial notice of the file, she's not on bond, she hasn't been arrested, so there's no evidence that's been seized illegally from an arrest".

(Record citations omitted).

An appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). An appellant waives an issue on appeal if he fails to adequately brief that issue by not providing supporting arguments, substantive analysis, and appropriate citations to authorities and to the record. *Chaves v. State*, 630 S.W.3d 541, 555 (Tex. App.–Houston [1st Dist.] 2021, no pet.) (citing *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d

---

[1] Appellant also includes a single line of argument that the complaint is not attested to by the county attorney. However, because the complaint was signed by "Sam Hicks, County Attorney/Assistant County Attorney," Appellant's argument is without merit.

661, 673 (Tex. Crim. App. 2008); ***Cardenas v. State***, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000) (defendant inadequately briefed complaint where he neglected to present argument with citation to appropriate authority)); *see also **Ray v. State***, 176 S.W.3d 544, 553 n.7 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd).

As the Texas Court of Criminal Appeals has emphasized, an appellate court has no obligation to construct and compose issues, facts, and arguments with appropriate citations to authorities and the record for the appellant. *See **Wolfe v. State***, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); ***Busby***, 253 S.W.3d at 673. A brief that fails to apply the law to the facts does not comply with Texas Rule of Appellate Procedure 38.1 and presents nothing for our review. *See **Swearingen v. State***, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). Because Appellant failed to comply with the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure, she waived her complaint. *See* TEX. R. APP. P. 38.1.

## DISPOSITION

Having overruled Appellant's first issue and determined that her second issue is waived, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered November 15, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 15, 2023**

**NO. 12-23-00089-CR**

**CHAUNTE BATES-HAYNES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 2

of Henderson County, Texas (Tr.Ct.No. 2022-0567CCL2)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*