Tai HUYNH, Appellant,

v.

The CITY OF HOUSTON, Appellee.

No. C14–93–00630–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 10, 1994.

Herbert Gee, Houston, for appellant.

Horace Teague, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Tai Huynh appeals his conviction for creating a public nuisance. After a trial to the bench, the municipal court found appellant guilty and assessed a $1000.00 fine. Mr. Huynh appealed the conviction to the county criminal court at law. That court affirmed the municipal court's verdict. Mr. Huynh appeals to this court. He brings four points of error alleging that the complaint was fundamentally defective and that he did not waive his right to a jury trial in writing.

█ In his first point of error appellant asserts that the formal complaint failed to allege an offense under Section 10–381 of the Houston City Ordinance. In his second point, appellant argues that the complaint is fundamentally defective in that it failed to allege the capacity of appellant. In his third point of error, appellant contends that a defect in the substance of the complaint may be raised for the first time on appeal.

*Struder v. State,* 799 S.W.2d 263, 265–266 (Tex.Crim.App.1990), controls our decision. In *Struder,* the Court held that if a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which trial on the merits commences, he waives and forfeits any right to object to the defect, error, or irregularity. Furthermore, he may not raise the objection on appeal or in any other postconviction proceeding. *Id.* (citing TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp.1994)).

Appellant argues that a "complaint" charging a person with an offense in Municipal Court is not the same as an "indictment" or "information." Indictments, informations, and complaints, however, are all charging instruments through which criminal proceedings are formally initiated in the courts. The Code of Criminal Procedure requires that a motion to set aside an indictment or information must be in writing. TEX.CODE CRIM. PROC.ANN. art. 27.10 (Vernon 1989); *Leach v. State,* 726 S.W.2d 598, 601 (Tex.App.—Houston [14th Dist.] 1987, no writ). Although the Code refers only to indictments and informations, we see no persuasive reason to apply a different rule in a misdemeanor proceeding which is initiated in municipal courts by way of a complaint, especially where the filing of such a motion prior to the day of trial is necessary to preserve the error for review. *See, Faulks v. State,* 528 S.W.2d 607, 609 (Tex.Crim.App.1975).

Our review of the transcript reveals no reference to a written motion or the fact that it was filed prior to the day of trial. Consequently, we hold that appellant's first three points of error are not preserved and may not be presented before this Court. *Id.* We overrule appellant's first three points of error.

█ In his last point of error appellant contends that the court erred by proceeding to trial without a jury where appellant had not waived, in writing, his right to trial by jury. *See,* TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon Supp.1994). Article 1.13(a) does not apply, however, to cases in municipal courts where the maximum punishment which may be assessed is no more than a fine. *Josey v. State,* 857 S.W.2d 815, 816 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Cases in municipal court are governed by Chapter 45 of the Code of Criminal Procedure. Article 45.24 of that chapter provides that the accused may waive trial by jury. There is no requirement that it be in writing. *Id.* We therefore overrule appellant's final point of error.

We affirm the judgment.