Tai HUYNH, Appellant,

v.

The STATE of Texas, Appellee.

No. 406–94.

Court of Criminal Appeals of Texas,
En Banc.

June 14, 1995.

Herbert Gee, Houston, for appellant.

Benjamin L. Hall, III, City Atty. & Ronald J. Beylotee & Horace Teague, Asst. City Attys., Robert Huttash, Houston, for appellee.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

■ Appellant was charged by complaint with creating a public nuisance in violation of a city ordinance, convicted in a bench trial in municipal court, and assessed a fine of $1,000.00. The Court of Appeals affirmed. *Huynh v. City of Houston*, 874 S.W.2d 184 (Tex.App.—Houston [14th Dist.] 1994). We granted appellant's petition for discretionary review to determine whether Tex.Code Crim. Proc.Ann. art. 1.14 and this Court's opinion in *Studer v. State*, 799 S.W.2d 263 (Tex.Crim. App.1990), apply to complaints filed in municipal court. We also granted review to determine whether Tex.Code Crim.Proc.Ann. art. 1.13(a) requires a written waiver of trial by jury where the offense is a misdemeanor punishable by fine only.

I.

In 1985, the Texas Legislature amended Article V, § 12 of the Texas Constitution[1]

___

1. As amended, article V, section 12 provides in part:

An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court vests the court with jurisdiction of the cause.

and article 1.14 of the Code of Criminal Procedure.[2] We took the opportunity to address those amendments for the first time in *Studer*, supra. *Studer* itself involved the adequacy of an information. As a preliminary issue, we determined to resolve "what is meant by the terms 'indictment' and 'information' under the amendment to Art. V, § 12, of the Constitution and newly enacted Art. 1.14(b)." *Studer*, 799 S.W.2d at 266. We concluded that, pursuant to article 1.14(b), "an indictment (or information) is still an indictment (or information), at least as contemplated by Art. V, § 12, though it be flawed by matters of substance such as the absence of an element." *Id.* at 271.

The Court of Appeals held that under article 1.14 and *Studer*, supra, it need not address appellant's contentions regarding alleged defects in the complaint because appellant failed to raise the defects before the date on which the trial commenced. *Huynh*, 874 S.W.2d at 185. The Court of Appeals reasoned that "indictments, informations and complaints are all charging instruments through which criminal proceedings are formally initiated in the courts" and even though article 1.14 refers expressly only to indictments and informations "we see no persuasive reason to apply a different rule in a misdemeanor proceeding which is initiated in municipal courts by way of complaint[.]" *Id.*

We are unwilling to take such a leap beyond the express and limited language of the statute. Article 1.14 specifically addresses "indictments and informations" and does not mention "complaints", a third form of charging instrument, dealt with elsewhere in the Code.[3] While numerous other provisions in the Code expressly refer to all three types of charging instruments, article 1.14 does not. *See, e.g.,* Tex.Code Crim.Proc.Ann. arts. 17A.02 (addressing allegation of name of defendant corporation in "complaint, indictment, or information"); 21.15 (pertaining to sufficiency of allegations of recklessness or criminal negligence in "complaint, information, or indictment"); 21.24(a) ("[t]wo or more offenses may be joined in a single indictment, information, or complaint"); 28.061 (providing for discharge of defendant if motion to set aside "indictment, information, or complaint for failure to provide a speedy trial is sustained"); 44.01(a)(1) (providing that state can appeal from dismissal of "indictment, information, or complaint" or any portion thereof). We recognize that in *Studer* we occasionally spoke in terms of "charging instruments," but we were overbroad in the use of that phrase in the context there. *Studer* dealt specifically with article V, § 12 and article 1.14, both of which deal expressly and exclusively with "indictments and informations" and do not mention "complaints." Were article 1.14 to refer to "charging instruments" in place of "indictments and informations," we would be compelled to agree with the Court of Appeals that as a charging instrument in the municipal court context, a complaint would be covered thereunder. However, we are without authority to project such an intention in the face of the statute's specific and plain lan-

---

**2.** As amended, article 1.14(b) provides in part that:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merit commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

**3.** There are three types of charging instruments—indictments, informations and complaints. Indictments and informations are provided for and defined in the Texas Constitution. They are also defined in the Code of Criminal Procedure. Tex.Code Crim.Proc.Ann. arts. 21.01, 21.20. Complaints are not addressed in the Constitution, but are provided for in the Code of Criminal Procedure in a variety of contexts. A complaint is a sworn affidavit charging the commission of an offense and serves as the basis for an arrest warrant. *Id.* at arts. 15.03, 15.04, 15.05. A complaint serves as the sole charging instrument in municipal court. *Id.* at arts. 45.01, 45.17. In addition, a complaint is generally a prerequisite to an information. *Id.* at arts. 2.05, 21.22; *but see Chapple v. State*, 521 S.W.2d 280, 282 (Tex.Crim.App.1975) (complaint need not support felony information where indictment waived). In this case we are concerned with a complaint as it is utilized as a charging instrument in municipal court. Tex.Code Crim.Proc. Ann. art. 45.01 et seq.

guage.[4]  As we stated in *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991):

> . . . the text of the statute *is the law* in the sense that it is the only thing actually adopted by the legislators, probably through compromise, and submitted to the Governor for her signature.  We focus on the literal text also because the text is the only *definitive* evidence of what the legislators (and perhaps the Governor) had in mind when the statute was enacted into law.  There really is no other certain method for determining the collective legislative intent or purpose at some point in the past, even assuming a single intent or purpose was dominant at the time of enactment.  Yet a third reason for focusing on the literal text is that the Legislature is *constitutionally entitled* to expect that the Judiciary will faithfully follow the specific text that was adopted.

(emphasis in original).  We continue to adhere to these principles.[5]

## II.

■ Appellant complained before the Court of Appeals that the trial court erred by proceeding to trial without a jury when appellant had not executed a written jury waiver in accordance with Tex.Code Crim.Proc. Ann. art. 1.13.  The Court of Appeals rejected that claim, holding that article 1.13 does not apply to municipal courts.  *Huynh*, 874 S.W.2d at 185.  The court reasoned that article 45.25 which specifically addresses jury waivers in municipal court does not require that waivers be in writing.  We agree.

Chapter 45 of the Code of Criminal Procedure, *Justice and Corporation Courts*,[6] contains a comprehensive compilation of provisions concerning proceedings in municipal courts, ranging from initiation of the complaint through the judgment and sentence. Proceedings in municipal court differ in many respects from proceedings in district and other courts.  For instance, the municipal judge need not charge the jury in writing unless requested by the defendant.  Tex. Code Crim.Proc.Ann. art. 45.01.  Jurors are summoned via the "pick-up" jury method. *Id.* at art. 45.24; *see also Cantu v. Samples*, 581 S.W.2d 195, 196 (Tex.App.—San Antonio 1979) (jurors in municipal court summoned orally by "pick-up" method).  A defendant's pleading may be oral or in writing, at his election.  Tex.Code Crim.Proc.Ann. art. 45.33.  Article 45.24 specifically provides that defendants in municipal court "may waive a trial by jury;  and in such case, the justice shall hear and determine the cause without a jury."  This article does not require that the waiver be in writing.  While various provisions of the Code outside of Chapter 45 might expressly pertain to proceedings in municipal court, *see* p. 3, supra (listing provisions expressly applicable to "complaints" as charging instruments), article 1.13(a) which requires a written jury waiver, does not. Given Chapter 45's comprehensive and specific applicability to the unique municipal court context, we hold that article 45.24 which specifically addresses jury waiver in the municipal court context is controlling, to

---

**4.**  Our opinion in *Aguilar v. State*, 846 S.W.2d 318 (Tex.Crim.App.1993) does not conflict with our decision today.  In *Aguilar* the defendant argued that the information was void because it was not based upon a valid complaint.  We held the defect was waived because it was not raised before trial.  The issue there was the validity of the information;  the fact that its alleged invalidity was related to the underlying complaint *is* of no moment for our holding today which addresses the validity of a complaint as a charging instrument.

**5.**  We note that the Legislature addressed the issue of defects in complaints pertaining to de novo appeals, with its passage of S.B. 918 this Legislative Session.  The bill, which would add a new provision to the Code of Criminal Procedure, provides in relevant part:

> Art. 44.181.  DEFECT IN COMPLAINT.  (a) A court conducting a trial de novo based on an appeal from a justice or municipal court may not dismiss the case because of a defect in the complaint.
>
> (b) The attorney representing the state may move to amend a defective complaint before the trial de novo begins.

The new provision provides that it would take effect September 1, 1995.  As of the date of this opinion, the Governor had not yet signed S.B. 918.

**6.**  The Government Code provides that "[a] reference in state law to a 'corporation court' means a 'municipal court.' "  Tex.Govt.Code Ann. § 29.002.

the preclusion of article 1.13.[7]

■ Appellant argues that because article 1.13 expressly applies to "prosecution for any offense other than a capital felony case" and we have held that article 1.13 applies to misdemeanor offenses in county courts, *Ex rel. Curry v. Carr*, 847 S.W.2d 561, 562 (Tex. Crim.App.1992), there is no reason it should not apply to misdemeanor offenses tried in municipal court. Both article 1.13 and article 45.24 address jury waiver. In *Cheney v. State*, 755 S.W.2d 123 (Tex.Crim.App.1988), we discussed at length the construction of two provisions that are in *pari materia*. We defined in *pari materia* as follows:

> It is a settled rule of statutory interpretation that statutes that deal with the same general subject, have the same general purpose, or relate to the same person or thing or class of persons or things, are considered as being in pari materia. . . .

*Cheney*, 755 S.W.2d at 126 (quoting 53 Tex. Jur.2d, Statutes, Section 186, page 280). If two provisions are determined to be in *pari materia*, and one is more general and the other more detailed, the latter will prevail. *Id.* We emphasized, however, that *"the rule is not applicable to enactments that cover different situations and that were apparently not intended to be considered together."* *Id.* (quoting 53 Tex.Jur.2d, Statutes, Section 186, page 280, and adding emphasis). While article 1.13 and 45.24 both deal with the same general subject, jury waiver, they nevertheless cover different situations, as article 45.24 is specifically applicable to jury waiver in municipal court and article 1.13 does not so specify. The fact we have interpreted article 1.13 as applicable to misdemeanor offenses in general does not render it applicable to misdemeanor offenses tried in the unique municipal court context.[8]

7. This is not to say that other Code provisions outside of Chapter 45 will never apply to proceedings in municipal court. *See* Tex.Code Crim.Proc.Ann. art. 4.14 (setting forth jurisdiction of municipal courts); 45.32 (providing that special pleas allowed in municipal courts are those contained in article 27.05).

8. We note that under Tex.Code Crim.Proc.Ann. art. 1.13(c), before a jury may be waived when a

Appellant's second ground for review is overruled and the judgment of the Court of Appeals is affirmed as to that issue. Appellant's first ground for review is sustained, the judgment of the Court of Appeals is reversed as to that issue, and we remand this cause to that Court to consider appellant's points of error pertaining to defects in the complaint.

BAIRD, Judge, concurring and dissenting on appellant's petition for discretionary review.

While I join the majority's resolution of appellant's first ground for review, I respectfully dissent to Part II of the majority opinion which holds written jury waivers are not required in municipal court cases.[1]

The Code of Criminal Procedure governs *all* criminal proceedings. Tex.Code Crim. Proc.Ann. art. 1.02. Further, art. 1.05 provides every defendant with the right to "a speedy public trial by an impartial jury." But this right may be waived:

> The defendant in a criminal prosecution for *any offense* other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that *such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State.* The consent and approval of the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

defendant does not have an attorney, an attorney must be appointed.

1. Appellant's second ground for review states:
   Whether Art. 1.13(a) of the Code of Criminal Procedure of Texas, effective Sept. 1, 1991, requires a written waiver of trial by jury before the commencement of a trial before the Court without a jury where the offense is a misdemeanor punishable by fine only.

Tex.Code Crim.Proc.Ann. art. 1.13(a).[2]

The majority believes art. 1.13(a) is inapplicable to cases in municipal court because such prosecutions are governed by Chapter 45 of the Code of Criminal Procedure. *Ante,* 901 S.W.2d at 482–83. I disagree. The majority states: "[g]iven Chapter 45's comprehensive and specific applicability to the unique municipal court context, we hold that article 45.24 which specifically addresses jury waiver in the municipal court context is controlling, to the preclusion of article 1.13.". However, art. 45.24 provides only that "[t]he accused may waive a trial by jury; and in such case, the justice shall hear and determine the cause without a jury."

Chapter 45 provides specific articles relevant only to proceedings in a justice or corporation court and such courts are bound by these articles. *See and Compare, Cheney v. State,* 755 S.W.2d 123, 126 (Tex.Cr.App.1988). But a justice or corporation court is not insulated from the remainder of the Code. *See,* Art. 1.02. If another portion of the Code of Criminal Procedure addresses an issue not specifically addressed by Chapter 45, a justice or corporation court is duty bound to apply that article. And when we review art. 45.24 we see that it does not address whether a jury waiver must be written, while art. 1.13(a) specifically requires a written waiver.[3]

In *Boykin v. State,* 818 S.W.2d 782 (Tex. Cr.App.1991), we held the courts will be bound by the plain meaning of a statute unless such an interpretation is ambiguous or leads to an absurd result. *Id.,* 818 S.W.2d at 785. The plain meaning of art. 1.13(a) neither leads to an absurd result nor suffers from ambiguity. The Legislature plainly required a waiver of a defendant's right to a jury trial be in writing and in open court. *Id.* Accordingly, the majority errs in holding

a waiver of a jury trial in municipal court need not be written.

I would remand this case to the Court of Appeals to determine whether the defendant's waiver in the instant case was made in person, in writing, in open court, and reflected on the minutes of the court. *See,* art. 1.13(a). Because the Court does not, I respectfully dissent.

---

2. All emphasis is supplied unless otherwise indicated.

3. The majority provides an extensive discussion of the rule of in *pari materia* and holds art. 45.24 applies to the instant case because it is "specifically applicable to jury waiver in municipal court." However, the majority wrongfully applies the rule. Art. 45.24 authorizes the waiver of a jury in municipal court but does not address whether such a waiver may be oral or must be written. Art. 1.13 specifically requires a written jury waiver. Therefore, art. 45.24 is a general statute while art. 1.13 is more detailed, and specifically addresses the instant issue. A correct application of the rule of in *pari materia* requires the Court to apply art. 1.13 in this case. *Cheney,* 755 S.W.2d at 126.