

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00054-CR

_____

LARRY J. CAMP, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Upshur County, Texas
Trial Court No. 34,964

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The complaint filed against Larry J. Camp in the Municipal Court of the City of East Mountain, in Upshur County,[1] alleged that Camp, on March 1, 2010,

> did then and there unlawfully drive a motor vehicle upon a public street, to wit: East Mountain Road South at a speed which was greater than was reasonable and prudent under the conditions then existing, specifically at a speed of 51 miles per hour, the maximum lawful prima facia reasonable speed indicated by an official sign then and there posted was 40 miles per hour, contrary to the laws made and provided and against the peace and dignity of the State of Texas.

From his conviction of the offense of speeding,[2] Camp appeals,[3] asserting that the court was without jurisdiction and that the complaint was defective. We affirm, because the complaint (1) provided the trial court jurisdiction and (2) is sufficient.

*(1)    The Complaint Provided the Trial Court Jurisdiction*

Camp maintains that both the municipal court and the county court were without jurisdiction to act on the case against him since neither issued an indictment or information. We review this matter de novo. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court in compliance with an Order of the Texas Supreme Court, dated April 6, 2012. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]The jury found Camp guilty of the class C misdemeanor offense of speeding. Camp was ordered to pay a fine of $200.00.

[3]Camp first appealed the result from the municipal court case to the County Court of Upshur County. Because the Upshur County Municipal Court is not a court of record, appeal to the county court was de novo. *See* TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006). In the county court, Camp's motion to dismiss for lack of jurisdiction, claiming that he was never presented with an information or indictment, was denied.

(appellate court should conduct de novo review on resolution of question of law when trial court's decision does not involve evaluation of credibility and demeanor of witness).

To support his argument, Camp relies on a provision of the Texas Constitution:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, § 12(b). To the contrary, Section 12(b) does not support the contention that "no other charging instrument is sufficient to invoke the jurisdiction of a municipal or county court in a Class C misdemeanor case." *Schinzing v. State*, 234 S.W.3d 208, 209 (Tex. App.—Waco 2007, no pet.). Various courts are permitted to exercise jurisdiction over criminal cases in Texas.[4]

---

[4] Both statutory and constitutional county courts with criminal jurisdiction "have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars." TEX. CODE CRIM. PROC. ANN. art. 4.07 (West 2005); *Schinzing*, 234 S.W.3d at 209–10. In addition, county courts "shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction." TEX. CODE CRIM. PROC. ANN. art. 4.08 (West 2005). Municipal courts share concurrent original jurisdiction with justice courts in criminal cases arising "within the territorial limits of the municipality and are punishable by fine only" or which "arise under Chapter 106, Alcoholic Beverage Code, and do not include confinement as an authorized sanction." TEX. CODE CRIM. PROC. ANN. art. 4.14(b)(2) (West Supp. 2011). Municipal courts have exclusive original jurisdiction "within the territorial limits of the municipality in all criminal cases" arising "under the ordinances of the municipality" and which "are punishable by a fine not to exceed . . . $500 in all other cases arising under a municipal ordinance." TEX. CODE CRIM. PROC. ANN. art. 4.14(a); *see also* TEX. GOV'T CODE ANN. § 29.003 (West Supp. 2011). In felony cases, original jurisdiction lies with the district court or criminal district court. TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2005).

An indictment[5] is required only in a felony case.  *Cook v. State*, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995); *see* TEX. CODE CRIM. PROC. ANN. art. 1.05 (West 2005) ("no person shall be held to answer for a felony unless on indictment of a grand jury").  Because only district courts and criminal district courts have jurisdiction to hear felony cases (with certain exceptions not applicable here), indictments are not required in municipal or county courts without jurisdiction to hear such matters.  *See* TEX. CODE CRIM. PROC. ANN. art. 4.05; *Schinzing*, 234 S.W.3d at 210–11.

When a felony offense is not involved, an information[6] is sufficient to invoke the jurisdiction of the court.[7]  *Schinzing*, 234 S.W.3d at 210.  An information is not required, however, to invoke the criminal jurisdiction of a municipal court; there, criminal jurisdiction is created by filing a complaint.  *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995) ("A complaint serves as the sole charging instrument in the municipal court.").  Chapter 45 of the Texas Code of Criminal Procedure sets forth the procedures to be followed by justice and municipal courts.  Article 45.018 of that chapter provides that "a complaint is a sworn allegation charging the accused with the commission of an offense."  TEX. CODE CRIM. PROC. ANN. art. 45.018(a) (West 2006).

---

[5]An indictment is defined in the Texas Code of Criminal Procedure as "the written statement of a grand jury accusing a person therein named of some act or omission which, by law, is declared to be an offense."  TEX. CODE CRIM. PROC. ANN. art. 21.01 (West 2009).

[6]"Information" is defined in the Texas Code of Criminal Procedure as "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted."  TEX. CODE CRIM. PROC. ANN. art. 21.20 (West 2009).

[7]When an indictment is waived in a noncapital felony case, "the accused shall be charged by information."  TEX. CODE CRIM. PROC. ANN. art. 1.141 (West 2005).

4

As stated, in this case, a complaint was filed against Camp. The Municipal Court for the City of East Mountain was empowered to exercise original jurisdiction over the charges against Camp under the provisions of Article 4.14 of the Texas Code of Criminal Procedure and Section 29.003 of the Texas Government Code. *See* TEX. CODE CRIM. PROC. ANN. art. 4.14(b); TEX. GOV'T CODE ANN. art. 29.003; *Schinzing*, 234 S.W.3d at 211. Because the complaint in this case served as a valid charging instrument in the municipal court, the complaint properly invoked the original jurisdiction of the City of East Mountain Municipal Court. *See Huynh*, 901 S.W.2d at 481 n.3; *Schinzing*, 234 S.W.3d at 211; *Bailey v. State*, 15 S.W.3d 622, 626 (Tex. App.—Dallas 2000, no pet.).

Camp also complains the jurisdiction of the Upshur County Court—where his first appeal was filed—was not invoked due to the failure to file an indictment[8] or information. Here, the Upshur County Court was empowered to exercise appellate jurisdiction over Camp's municipal court case. *See* TEX. CODE CRIM. PROC. ANN. art. 4.08. Because the City of East Mountain Municipal Court is not a court of record, Camp's appeal to the County Court of Upshur County was de novo. *See* TEX. CODE CRIM. PROC. ANN. art. 44.17.[9] The trial de novo was conducted on

---

[8]In accordance with our previous discussion, it was unnecessary to file an indictment in the county court. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05; *Schinzing*, 234 S.W.3d at 210–11.

[9]This article provides:

> In all appeals to a county court from justice courts and municipal courts other than municipal courts of record, the trial shall be de novo in the trial in the county court, the same as if the prosecution had been originally commenced in that court. An appeal to the county court from a municipal court of record may be based only on errors reflected in the record.

the original papers filed in the municipal court, in accordance with Article 44.18 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 44.18 (West 2006). No information was required in the county court because the complaint in the municipal court serves as the functional equivalent of an information in the county court. *Blevins v. State*, 672 S.W.2d 828, 829 (Tex. App.—Corpus Christi 1984, no pet.). Jurisdiction was sufficient.

*(2)     The Complaint Is Sufficient*

Camp further complains that the complaint itself was defective because it failed to identify which statute he allegedly violated. We find no merit in this issue, because the complaint satisfies the requisites set forth in Article 45.019 of the Texas Code of Criminal Procedure. A complaint filed in the municipal court must, among other things, "show that the accused has committed an offense against the law of this state." TEX. CODE CRIM. PROC. ANN. art. 45.019(a)(4) (West 2006). Here, the complaint alleged Camp was operating a vehicle on a public street at a speed of fifty-one miles per hour when the posted speed limit was forty miles per hour, "contrary to the laws made and provided and against the peace and dignity of the State of Texas." This allegation is also satisfactory.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

---

TEX. CODE CRIM. PROC. ANN. art. 44.17.

Date Submitted:    May 2, 2012
Date Decided:      May 3, 2012

Do Not Publish