ACCEPTED
03-14-00386-CR
6433688
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/10/2015 5:05:48 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00386-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/10/2015 5:05:48 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

**GAYLEEN S. TODD**
**Appellant**

**v.**

**THE STATE OF TEXAS**
**Appellee**

On Appeal from Trial Court Cause No. 13-08168-3
In the County Court at Law Number Three, Williamson County, Texas
Hon. Doug Arnold, Presiding

### STATE'S BRIEF

THE HONORABLE DEE HOBBS
WILLIAMSON COUNTY ATTORNEY

RYAN PALMQUIST
Assistant County Attorney
Williamson County, Texas
State Bar No. 24073307
405 Martin Luther King, # 7
Georgetown, Texas 78626
PHONE: (512) 943-1111
FAX: (512) 943-1120
ryanpalmquist@wilco.org

` Attorney on Appeal for the State
ORAL ARGUMENT NOT REQUESTED

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
GAYLEEN S. TODD
2116 Juniper Trail
Round Rock, Texas 78664

**Appellate Counsel for Appellant**
Pro Se

**Trial Counsel for Appellant**
Pro Se

**Trial Counsel for the State**
Charles Falck
Assistant County Attorney
Williamson County Attorney's Office
405 Martin Luther King Street, #7
Georgetown, Texas 78626

**Appellate Counsel for the State**
Ryan Palmquist
Assistant County Attorney
Williamson County Attorney's Office
405 Martin Luther King Street, #7
Georgetown, Texas 78626

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................... ii

TABLE OF CONTENTS ................................................................................... iii

TABLE OF AUTHORITIES ............................................................................. iv

STATEMENT OF THE CASE ............................................................................ 1

STATEMENT OF FACTS ................................................................................. 1

SUMMARY OF THE ARGUMENT .................................................................. 2

    I.     State's Response to Every Point of Error ........................................ 3

    II.    Standard of Review ........................................................................ 5

    III.   The Statutes Applied to Appellant ................................................ 6

    IV.   The Statutes Did Not Violate Appellant's Right to Travel ............ 7

    V.    The Trial Court Had Jurisdiction .................................................. 8

    VI.   Appellant Received Proper Notice ................................................ 9

    VII.  Statute Required the Trial Court Enter a Plea for Appellant ........ 11

    VIII. Appellant Received a Fair Trial ................................................... 12

    IX.   Conclusion .................................................................................... 15

PRAYER ........................................................................................................ 15

CERTIFICATE OF SERVICE ....................................................................... 17

CERTIFICATE OF COMPLIANCE .............................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Bagheri v. State*, 119 S.W.3d 755 (Tex. Crim App. 2003)..........................................5
*Blevins v. State*, 672 S.W.2d 828 (Tex. App.—Corpus Christi 1984, no pet.) ...9, 10
*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ........................................5
*Cardenas v. State,* 30 S.W.3d 384 (Tex. Crim. App. 2000) ..................... 3, 7, 12, 13
*Coyle v. State*, 775 W.W.2d 843 (Tex. App. – Dallas 1989, no pet.).....................11
*Ex parte Arnold*, 916 S.W.2d 640 (Tex. App.—Austin 1996, pet. ref'd) ................7
*Green v. State*, 934 S.W.2d 92 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1200
    (1997)...........................................................................................................13
*Huynh v. State*, 901 S.W.2d 480 (Tex. Crim. App. 1995)........................................8
*Jackson v. Virginia*, 433 U.S. 307 (1979)................................................................5
*McCloud v. State*, 527 S.W.2d 885 (Tex. Crim. App. 1975)...................................14
*McCrory v. State*, 643 S.W.2d 725 (Tex. Crim. App. 1982).....................................4
*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) .............................13
*Riggle v. State,* 778 S.W.2d 127 (Tex. App. – Texarkana 1989, no pet.) .............. 8
*Runningwolf v. State*, 317 S.W.3d 829 (Tex. App. – Amarillo 2010), *aff'd*, 360
    S.W.3d 490 (Tex. Crim. App. 2012) ......................................................11
*Schinzing v. State*, 234 S.W.3d 208 (Tex. App. Waco 2007)....................................9
*Schmutz v. State*, 440 16 S.W.3d 29 (Tex. Crim. App. 2014) ..............................4, 5
*Smith v. State*, 907 S.W.2d 522 (Tex. Crim. App. 1995) ..........................................3
*State v. Blakenship,* 170 S.W.3d 676 (Tex. App. – Austin 2005, pet. ref'd) ...........8
*Taylor v. State*, No. 09-07-00493-CR, 2009 Tex. App. LEXIS 718 (Tex. App.
    Beaumont Feb. 4, 2009)(not designed for publication) ........................................7

**Statutes**

TEX. CODE CRIM. PROC. 26.11 ..................................................................................11
TEX. CODE. CRIM. PROC. 26.12. ................................................................................11
TEX. CODE. CRIM. PROC. 4.08 ....................................................................................8
TEX. CODE. CRIM. PROC. 45.019 .................................................................................9
TEX. CODE. CRIM. PROC. 45.0426 ...............................................................................8
TEX. R. APP. P 34.6....................................................................................................4
TEX. R. APP. P. 38.1...................................................................................................3
TEX. R. APP. P 44.2....................................................................................................4
TEX. TRANSP. CODE 601.002 ......................................................................................6
TEX. TRANSP. CODE 601.051 ...................................................................................2, 6
TEX. TRANSP. CODE 601.191 ......................................................................................6

## STATEMENT OF THE CASE

Appellant received a citation for the offense of failure to maintain financial responsibility on or about May 15, 2013 (CR: 8). Appellant was convicted by a jury in Round Rock municipal court[1] on October 1, 2013 and was assessed a fine of one hundred and seventy-five dollars ($175.00)(CR: 27). The municipal court denied Appellant's lengthy Special Appearance and Motion for New Trial on October 10, 2013 (CR: 73). Appellant filed a Notice of Appeal on October 11, 2013 (CR: 74). On June 3, 2014, the case went to trial in County Court at Law #3 and Appellant was found guilty by a jury (CR: 219). The jury assessed fine of two hundred and twenty dollars ($220.00)(CR: 222). Appellant filed another lengthy Special Appearance and Motion for New Trial on June 9, 2014 (CR: 239-280) which was denied by operation of law. Appellant then filed a Notice of Appeal on June 13, 2014 (CR: 281).

## STATEMENT OF FACTS

Appellant did not arrange for the production of a reporter's record, therefore the State cannot give a full and complete State of Facts on record. This limits the Court's consideration of the case to the Clerk's Record alone.[2] Appellant was

---

[1] Round Rock Municipal Court is not a court of record.

[2] The clerk's record has a "transcript" of sorts from the municipal court level. Appellant filed this document. There is no way of confirming the accuracy, veracity or validity of this document. Appellant does not reference this document in her brief.

1

convicted of the class c offense failing to maintain financial responsibility under TEX. TRANSP. CODE 601.051.

## SUMMARY OF THE ARGUMENT

Appellant has not demonstrated any error using references to the record or relevant case law. The eleven points of error amount to unsubstantiated assertions unsupported by the record. Because of this, Appellant has not provided anything for this Court's review and the points of error should be overruled.

To the extent that Appellant has adequately briefed her points of error, they should still be overruled. First, the Texas Transportation Code statutes apply to Appellant and it does not matter if she was engaged in commerce at the time of committing the offense of failure to maintain financial responsibility. Secondly, the statutes are a proper exercise of the State's police powers as it has an interest in maintaining safe roadways.

A valid complaint was filed in this case, granting the trial court jurisdiction. Appellant filed notice of appeal from the municipal court thereby invoking the jurisdiction of the trial court. She again filed notice of appeal thus invoking the jurisdiction of this Court.

Appellant received proper notice of the charge against her. The notice started with the issuance of a citation on the day of the offense. There was a valid

2

complaint filed in the municipal court and in the county court and Appellant had multiple court dates in both courts.

Finally, Appellant received a fair trial. Statue required the trial court to enter a plea on Appellant's behalf. Additionally, Appellant knowingly and voluntarily waived her right to counsel. Appellant did nothing to rebut the presumption of regularity in proceedings and documents. Appellant has not demonstrated that the trial court abused discretion during the admittance of evidence. Furthermore, the trial court's answered the jury question properly.

None of Appellant's eleven points of error have any merit and should be overruled and the verdict of the trial court upheld.

## I. *State's Response to Every Point of Error*

Appellant's points of error are inadequately briefed. It is proper for this Court to overrule points of error as inadequately briefed when Appellant neglects to present proper argument and authorities as required by TEX. R. APP. P. 38.1(i), *Cardenas v. State,* 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). Furthermore, points of error can be overruled when arguments and authorities are different in character from the error alleged. *Smith v. State*, 907 S.W.2d 522, 532 (Tex. Crim. App. 1995). Appellant, in the case at hand, cites a litany of authorities that are improper in that the cases are not relevant, the cases do not stand for the stated rule, the stated rule comes from dicta, or the cited case itself has been overruled or

superseded. Furthermore, Appellant's brief contains no references to the record and Appellant has nowhere applied law to facts illustrating reversible error. In each of Appellant's points of error, Appellant fails to cite proper or relevant authority. As such, this Court should consider each point as inadequately briefed and overrule each one. In the event that the Court concludes Appellant adequately brief one or more points of error, the State will address them in turn.

Appellant's points of error are all unconfirmed, unproven, and unsupported claims. Appellant failed to arrange for the production of a record in this case. See TEX. R. APP. P. 34.6(b). Therefore, without direct support in the record, the claims of error are only unsubstantiated assertions. As such, the claims are not appropriate appellate argument and should be overruled. *See generally, McCrory v. State*, 643 S.W.2d 725, 733 (Tex. Crim. App. 1982) (noting a court "cannot be expected to decide cases solely on the basis of self-serving claims by the [Appellant]").

Furthermore, even if the trial court did err in any way, the points of error should be overruled, as the alleged error did not affect Appellant's substantial rights. The Court must disregard any non-constitutional error that does not affect the Appellant's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *Schmutz v. State*, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). In assessing the likelihood that the error adversely affected the jury's

decision, an appellate court considers everything in the record. *Id*. This includes testimony, physical evidence, jury instructions, the State's theories and any defensive theories, closing arguments, and voir dire, if applicable. *Id*., citing *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim App. 2003). As Appellant has not produced a record, there is nothing for the Court to consider. Additionally, Appellant has not shown how any alleged error would have affected the jury's verdict. The alleged points of error would not have swayed the jury's verdict at all. Therefore, this Court should overrule each of Appellant's points of error.

## II. *Standard of Review*

The standard of review in assessing the sufficiency of the evidence at trial was set out by the United States Supreme Court in *Jackson v. Virginia*, 433 U.S. 307 (1979) and followed by the Court of Criminal Appeals in *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In *Jackson*, the United States Supreme Court held that in reviewing the sufficiency of the evidence supporting a conviction, the reviewing court must determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt, viewing the evidence in the light most favorable to the State. *Jackson*, 403 U.S. at 319. It appears from Appellant's brief that the crux of argument stems from the evidence not being enough to convict her of failing to maintain financial responsibility. Here

since there is no record, the Court is left only to consider the Clerk's Record and view it in the light most favorable to the State.

### III. *The Statutes Applied to Appellant*

TEX. TRANSP. CODE sections 601.051 and 601.191 apply directly to Appellant. According to TEX. TRANSP. CODE 601.191(a), a person commits an offense if the person operates a motor vehicle in violation of Section 601.051. TEX. TRANSP. CODE 601.051 sets out that a person may not operate a motor vehicle in this state unless financial responsibility is established for that vehicle. To further define these two statutes, TEX. TRANSP. CODE 601.002(8) defines operator as the person in actual physical control of a motor vehicle. Additionally, TEX. TRANSP. CODE 601.002(10) defines a person as, amongst other things, an individual. Finally, TEX. TRANSP. CODE 601.002(5) defines a motor vehicle as, amongst other things, a self-propelled vehicle designed for use on a highway. Appellant, an individual, operated a 2000 silver Mazda Protégé on Gattis School Road and A.W. Grimes Boulevard (CR: 8), both highways under TEX. TRANSP. CODE 601.002(4) in Round Rock, Williamson County, Texas . Appellant could not and has not to this day provided proof through any of the statutorily proscribed means the she possessed valid insurance for that vehicle on May 15, 2013. As such, this Court should uphold the verdict of the trial court.

A commercial activity distinction does not exist in the statute at hand. TEX. TRANSP. CODE sections 601.051 and 601.191 are not restricted to operators of motor vehicles for hire. *Taylor v. State*, No. 09-07-00493-CR, 2009 Tex. App. LEXIS 718, at *7 (Tex. App. Beaumont Feb. 4, 2009)(not designed for publication). If the Legislature wanted to restrict sections 601.051 and 601.191 to commercial motor vehicles, it would have written the term "commercial" into the statute. Furthermore, the qualifier "commercial" is also absent from the definition of motor vehicle, thus not limited to just vehicles engaged in commerce and applicable, in this case, to Appellant. Additionally, Appellant provides no legal or factual support anywhere in the brief for the claim that sections 601.051 and 601.191 apply only to commercial vehicles. The commercial distinction is an unsubstantiated assertion made by Appellant. Since the statute applies to Appellant and Appellant has not shown through case law or references to the record that it does not, this Court should uphold the trial court's verdict. *Cardenas*, 30 S.W.3d at 393.

IV. *The Statutes Did Not Violate Appellant's Right to Travel*

The State has an interest in the safety of the public roadways. Driving is a privilege, not a constitutionally protected right. *Ex parte Arnold*, 916 S.W.2d 640, 642 (Tex. App.—Austin 1996, pet. ref'd). Requiring financial responsibility as a condition of operating a motor vehicle on the state's highways secures redress for

injured highway travelers and is a proper subject of the state's police power. *Riggle v. State,* 778 S.W.2d 127, 129 (Tex. App. – Texarkana 1989, no pet.). The exercise of police power hinges on the public need for safety, health, security, and protection of the general welfare. *Id.* One of the many conditions of the driving privilege in this state is the requirement for established financial responsibility. As this was a valid exercise of the state's police power, Appellant's right to travel was not violated. Finally, Appellant does not demonstrate how her right to travel was violated at the trial court level nor how it created reversible error. As such, this Court should uphold the judgment of the trial court.

## V.     *The Trial Court Had Jurisdiction*

The trial court had proper jurisdiction to conduct the jury trial from which this appeals stems. A complaint invokes the original criminal jurisdiction of a municipal court. *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995). A complaint is the sole charging instrument in a municipal court. *Id.* A complaint is sufficient on its face to invoke the jurisdiction of a municipal court. *State v. Blakenship,* 170 S.W.3d 676, 681 (Tex. App. – Austin 2005, pet. ref'd). Furthermore, TEX. CODE. CRIM. PROC. 4.08 provides that county courts shall have appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction. TEX. CODE. CRIM. PROC. 45.0426(a) allows for the perfecting of this type of appeal upon the filing of an appeal bond not later than

8

the tenth day after the date the judgment was entered. Thus, appellate criminal jurisdiction is invoked by the filing of an appeal bond, not by filing an indictment or information *Schinzing v. State*, 234 S.W.3d 208, 210 (Tex. App. Waco 2007). Finally, an information is not required in the county court at law because the complaint in the inferior court served as the functional equivalent of an information in the county court at law. *Blevins v. State*, 672 S.W.2d 828, 829 (Tex. App.—Corpus Christi 1984, no pet.). In the case at hand, Appellant was issued citation #225631 titled "complaint/affidavit" on May 15, 2013 (CR: 8). A sworn complaint that complies with TEX. CODE. CRIM. PROC. 45.019 was signed and sworn on June 24, 2013 (CR: 10) thereby invoking the original jurisdiction of the Round Rock Municipal Court. Appellant filed a Notice of Appeal on October 22, 2013 (CR: 74-79) exactly ten days after Appellant's Motion for New Trial was denied. As such, the trial court had proper jurisdiction over the matter as an information was not needed at the trial court level. The jurisdiction points of error should be overruled and the conviction upheld.

## VI.  *Appellant Received Proper Notice*

Appellant received notice of the charge against her many times throughout the course of the criminal process. Notice was originally given on the citation that was issued on May 15, 2013 which bears Appellant's signature (CR: 8). Notice was again conferred when the statutorily valid complaint was sworn and signed on June

9

24, 2013 (CR: 10). Additionally, at the municipal court level, there was a pretrial date on July 15, 2013 (CR: 9) and trial dates on September 10, 2013 (CR: 11) and October 1, 2013 (CR: 18) where the charge was discussed. One particular illuminating piece comes in the form of Appellant's hand written request for continuance filed on August 29, 2013 (CR: 14). In that request, Appellant states, "I planned to procure all documents needed for my case. I need time to receive and review such documents in order to present my defense to the court."(CR: 14). This indicates that Appellant was well aware that she would be preparing a defense for the failure to maintain financial responsibility charge.

Appellant also received notice of the charge against her many times at the trial court level. Notice was given on the case setting notice from February 11, 2014 which bears the Appellant's signature (CR: 149), on the case setting notice from April 7, 2014 which bears the Appellant's signature (CR: 205), and at the pre-trial hearing date on March 25, 2015 where the prosecutor handed her the entire appeal packet. Finally, the same sworn complaint that was used in the municipal court was filed with the County Clerk on October 22, 2013 (CR: 10) long before the trial date of June 3, 2014. As stated above, no information was required in the county court at law because the complaint in the justice court served as the functional equivalent of an information in the county court at law. *Blevins*, 672 S.W.2d at 829. Finally, Appellant argues that there was no notice so the case is civil. The

case at hand is obviously a criminal offense that was tried in a criminal trial court, and is now being heard before this Court in a criminal context. A valid complaint was a proper charging mechanism, as discussed above, and the clerk's record shows Appellant's awareness of the charge against her. Furthermore, Appellant's brief does not contain any support in the record that she did not receive notice or how this alleged lack of notice was error. Finally, this Court should not allow Appellant to remain willfully ignorant as to the charge against her, then turn around and claim error, with no support, on appeal. Thus, each notice point error should be overruled and the trial court's verdict upheld.

### VII. *Statute Required the Trial Court Enter a Plea for Appellant*

Appellant's refusal to enter a plea had no effect on the trial court nor does Appellant demonstrate how her refusal caused reversible error. TEX. CODE CRIM. PROC. 26.11 states, "the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged." Next, Article 26.12 states that "if [the defendant] refuses to answer, the plea of not guilty shall [be entered upon the minutes of the court]." TEX. CODE CRIM. PROC. 26.12. Therefore, not only was it not error for the trial court to enter a not guilty plea on Appellant's behalf, it was statutorily required to do so. *See Runningwolf v. State*, 317 S.W.3d 829, 833-34 (Tex. App. – Amarillo 2010), *aff'd*, 360 S.W.3d 490 (Tex. Crim. App. 2012); *Coyle v. State*, 775 W.W.2d 843, 846 (Tex. App. – Dallas 1989, no pet.). Since the

trial court was obliged to enter a plea for Appellant and since Appellant does not assert any error, points one and two should be overruled and the trial court verdict upheld. *Cardenas*, 30 S.W.3d at 393.

## VIII.  *Appellant Received a Fair Trial*

The number of attorneys used and the access to information is immaterial. Appellant voluntarily waived her right to counsel when she filed her "Special Appearance and Waiver of Right to Counsel" on January 31, 2014 (CR 124). In that motion Appellant asserts that she, "is aware of her right to representation and that she intelligently, knowingly, and voluntarily waives such right" (CR 127). Further, Appellant points to TEX. CODE CRIM. PROC. 45.020(b) as limiting the number of attorneys to one. However, Chapter 45 governs only justice and municipal courts, not county courts at law. Furthermore, as stated above, Appellant waived her right to counsel, but she could have sought legal counsel before announcing ready for trial. Appellant also argues that she was prevented from using a computer and complains that the prosecutor was allowed computer usage. Appellant did not demonstrate how she was prevented from using her own materials or own laptop computer. Furthermore, Appellant again fails to substantiate these claims or demonstrate how this is error. Accordingly, these points should be overruled. *Cardenas*, 30 S.W.3d at 393.

The State still had to prove the criminal offense beyond a reasonable doubt. The jury charge submitted to the jury provides, "if you believe beyond a reasonable doubt…you will find the defendant 'Guilty'". It goes on, "If you do not so believe or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty'" (CR: 213). Appellant has not cited any authority, referenced the record, or shown any other means how the trial court did not hold the State to the burden of beyond a reasonable doubt. Therefore, Appellant's points of error should be overruled. *Cardenas*, 30 S.W.3d at 393.

Appellant has not demonstrated that the trial judge abused his discretion on the admission of evidence. A trial court's ruling on the admission of evidence under Texas Rule of Evidence 403 is reviewed under an abuse of discretion standard and should not be set aside absent a showing on the record that the trial court abused its discretion by acting in an arbitrary and unreasonable manner. *Montgomery v. State*, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). There should be reluctance on the part of an appellate court to reverse trial court decisions that admit or exclude evidence. *Id*. at 378. The fact that a trial judge may decide a matter within his discretion in a different manner than an appellate judge does not demonstrate that an abuse of discretion has occurred. *Id*. at 380. The reviewing court should not reverse a trial judge whose ruling was within the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92,101-102 (Tex. Crim.

App. 1996), cert. denied, 520 U.S. 1200 (1997); *Montgomery*, 810 S.W.2d at 391. Appellant has not shown through any references to the record that the trial judge acted in an arbitrary or reasonable manner. Since the trial court did not abuse his discretion, this Court should uphold the judgment.

The trial court did not prevent Appellant from defending herself as her brief claims. Appellate courts are to "indulge every presumption in favor of the regularity of the proceedings and documents" in the trial courts. *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975). The Judgment and Sentence provides that a jury of six was selected, empanelled, and sworn. It also specifies that the jury heard arguments and received evidence (CR: 225). By extension and although there is no record, Appellant was afforded an opportunity for voir dire, to give an opening statement, and the ability to cross-examine State's witnesses. Under the presumption of regularity, Appellant received a full and fair trial and the judgment of the trial court should be upheld.

Finally, the trial court properly answered the jury question (CR218). Without a record, this Court does not know if Appellant objected to the trial court's answer, thus preserving any error for appeal. In addition, if the trial court answered the jury question differently, he would be giving evidence directly to the jury, supporting or contradicting testimony, or he would be commenting on the weight or sufficiency

14

of the evidence. Since this Court does not know if error was preserved and the fact that Appellant did not demonstrate error this point should be overruled.

## IX.    *Conclusion*

Without a record, this Court does not know what was said, what testimony was elicited, what objections were lodged, and what rulings on objections and evidence were made. Additionally, this Court does not know what error, if any, Appellant preserved at the trial court level. As stated above, Appellant's brief amounts to nothing more than inadequately briefed, improperly sourced, unsupported self-serving claims. Appellant chose to operate a motor vehicle in this State without established financial responsibility freely and voluntarily. There is no evidence in the record indicating otherwise. As all of Appellant's eleven points of error have no merit and should be overruled, the judgment and sentence of the trial court should be upheld.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays this Honorable Court affirm the judgment of the trial court and overrule Appellant's points of error.

Respectfully submitted,


/s/ Ryan Palmquist
RYAN PALMQUIST
Assistant County Attorney
Williamson County, Texas
State Bar No. 24073307
405 Martin Luther King, # 7
Georgetown, Texas  78626
PHONE:  (512) 943-1111
FAX:  (512) 943-1120

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of State's Brief was served upon

Gayleen S. Todd, 2116 Juniper Trail Round Rock, Texas 78664, Appellant, by

certified mail, on this the 10th day of August, 2015

/s/ Ryan Palmquist
RYAN PALMQUIST

**CERTIFICATE OF COMPLIANCE**

I certify that this Brief contains a word count of 4,235, and thus complies with the

requisites of TEX. R. APP. P. 9.4(i)(2)(C).

/s/ Ryan Palmquist
RYAN PALMQUIST