

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00458-CR, 04-18-00459-CR & 04-18-00460-CR

Victor **RIGGAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law, Kerr County, Texas
Trial Court Nos. CR171326, CR171327 & CR171328
Honorable Susan Harris, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
            Luz Elena D. Chapa, Justice
            Beth Watkins, Justice

Delivered and Filed: April 10, 2019

AFFIRMED

Victor Riggan appeals his convictions for speeding, driving without a seat belt, and driving without a license. On appeal, Riggan presents six issues contending: (1) his due process rights were violated; (2) the municipal court and county court lacked jurisdiction; (3) his right to assemble cannot be regulated by the State; (4) documents were erroneously placed in the court file, and the prosecutor was erroneously allowed to verbally respond to Riggan's pre-trial motions; (5) court costs were improperly assessed; and (6) the police officer was not authorized to stop Riggan's car. We affirm the trial court's judgments.

**BACKGROUND**

Riggan was stopped by a police officer and issued citations for speeding, driving without a seat belt, and driving without a license. Riggan demanded a jury trial in municipal court, and the jury found him guilty of all three offenses which were punishable by fine only. Riggan appealed his convictions to the county court and waived a trial by jury in his de novo appeal. After a bench trial, the county court also found Riggan guilty of the offenses. Riggan now appeals to this court.

Although Riggan presents six issues on appeal, several of the issues and the arguments made in reference to the issues overlap. Accordingly, this opinion consolidates related issues and arguments in analyzing the issues presented.

**CHARGING INSTRUMENT**

In his first, second, and fourth issues, Riggan contends his constitutional rights were violated and the municipal and county courts lacked jurisdiction based on deficiencies in the charging instruments. In support of his arguments, Riggan cites various provisions of the Texas Constitution and article 45.018 of the Texas Code of Criminal Procedure ("Code").

"There are three types of charging instruments—indictments, informations and complaints." *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995). "Indictments and informations are provided for and defined in the Texas Constitution" and "are also defined in the [Texas] Code of Criminal Procedure." *Id*. "Complaints are not addressed in the Constitution, but are provided for in the Code of Criminal Procedure in a variety of contexts." *Id*. "A complaint is a sworn affidavit charging the commission of an offense." *Id*. "A complaint serves as the sole charging instrument in municipal court." *Id*.; TEX. CODE CRIM. PROC. ANN. art. 45.018. With regard to charging instruments for offenses punishable only by fine, article 27.14(d) of the Code provides in pertinent part:

> If written notice of an offense for which maximum possible punishment is by fine only … has been prepared, delivered, and filed with the court and a legible duplicate copy has been given to the defendant, the written notice serves as a complaint to which the defendant may plead "guilty," "not guilty," or "nolo contendere." If the defendant pleads "not guilty" to the offense or fails to appear based on the written notice, a complaint shall be filed that conforms to the requirements of Chapter 45 of this code, and that complaint serves as an original complaint.

Thus, for offenses punishable by fine only, an officer's written citation serves as the complaint until a defendant pleads "not guilty." A formal complaint in conformity with Chapter 45 is only required to be prepared after a defendant pleads not guilty, thus necessitating a trial. *See id*.; *see also Palma v. State*, No. 01-04-00206-CR, 2004 WL 1470911, at *1 (Tex. App.—Houston [1st Dist.] July 1, 2004, pet. ref'd) (not designated for publication); *State v. Shaw*, 822 S.W.2d 807, 809 (Tex. App.—Austin 1992, no pet.). In a de novo appeal from a municipal court to a county court, the trial is on the original papers, and an information is "not only not required, but the filing of [an information] would not [be] authorized by law." *Ex parte Morales*, 53 S.W. 107, 108 (Tex. Crim. App. 1899); Tex. Code Crim. Proc. Ann. arts. 44.17, 45.042.

In this case, the record reflects Riggan was provided a copy of the citations issued by the police officer who stopped him, and the citations stated the offenses with which he was charged. After Riggan appeared in municipal court and pled not guilty, complaints were prepared in conformity with Chapter 45, and a discovery release signed by Riggan shows that he received copies of the complaints by at least September 11, 2017, seven days before the trial was held on September 18, 2017. The complaints are acknowledged by the clerk of the municipal court and stamped with the court's seal making them a part of the official court record. Accordingly, we overrule all of Riggan's issues and arguments relating to the charging instruments in the instant case and the jurisdiction of the lower courts.

**MOTION FOR A FAIR TRIAL**

In his first issue, Riggan also argues his due process rights were violated because the county court denied his motion for a fair trial. In his motion, Riggan requested the judge: (1) follow the Constitution; (2) be impartial; and (3) remind the prosecutor that the prosecutor's primary duty was not to convict but to see that justice was done and that the prosecutor was prohibited from suppressing facts or secreting witnesses capable of establishing Riggan's innocence. Although the trial court denied Riggan's motion, the trial court stated, "As for a fair trial, Mr. Riggan, yes. You're — we will give you a fair trial. Yes. As to the particularities of the motion, I'm going to deny it." Riggan cites no authority that would require a trial court to grant his motion or any authority to support his contention that his due process rights were violated by the trial court's denial of the motion. Having reviewed the record as a whole, we hold Riggan was given a fair trial, and his due process rights were not violated by the trial court's denial of his motion.

**RECORDING PURSUANT TO ARTICLE 15.17**

In his first issue, Riggan also asserts his due process rights were violated because the record is lacking the recording required by article 15.17 of the Code. Article 15.17 of the Code requires a recording to be made of the required communication between an arrested person and a magistrate. TEX. CODE CRIM. PROC. ANN. art. 15.17. Here, the record reflects Riggan was not arrested but was issued citations and released. In fact, the officer who issued the citations testified he allowed Riggan to call his wife to come pick him up, and she arrived shortly after. Accordingly, no recording was required to be made under article 15.17.

**INFRINGEMENT ON CONSTITUTIONAL RIGHT AND SUFFICIENCY**

In his third issue, Riggan contends the State is not authorized to regulate his constitutional right to assemble, and he was traveling to assemble with others when he was stopped. Riggan

further contends the evidence is insufficient to prove that he was in a motor vehicle as defined by 18 U.S.C. §31(a)(6)[1] at the time he was stopped.

Driving is not a constitutionally protected right, but a privilege subject to reasonable regulations formulated under the police power in the interest of the welfare and safety of the general public. *Tharp v. State*, 935 S.W.2d 157, 159 (Tex. Crim. App. 1996) (quoting *Ex parte Arnold*, 916 S.W.2d 640, 642 (Tex. App.—Austin 1996, pet. ref'd)); *Coyle v. State*, 775 S.W.2d 843, 846 (Tex. App.—Dallas 1989, no pet.). Accordingly, the State is authorized to regulate Riggan's driving even if he was traveling to assemble with others.

The three offenses with which Riggan was charged are set forth in the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. §§ 521.021, 545.351, 545.413. Unlike the federal statute cited by Riggan, the Texas Transportation Code defines a "motor vehicle" as a self-propelled vehicle or any motor driven or propelled vehicle. *Id*. §§ 501.002(17), 520.051(1), 541.201(11). Officer Zach Martin testified he stopped Riggan after observing him driving a car at a high rate of speed in excess of the speed limit. Accordingly, the evidence is sufficient to prove Riggan was driving a motor vehicle.

### PRE-TRIAL HEARING

In his fourth issue, Riggan also argues the county court at law prosecutor should not have been permitted to verbally respond to his motions during the pre-trial hearing. Riggan cites article 28.01 of the Texas Code of Criminal Procedure in support of his argument.

Although article 28.01 requires notice to be provided of the matters to be considered at a pre-trial hearing, article 28.01 does not prohibit a prosecutor from verbally responding to a

---

[1] 18 U.S.C. § 31(a)(6) defines the term "motor vehicle" to mean "every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers and property, or property or cargo." 18 U.S.C. § 31(a)(6).

defendant's motion at a pre-trial hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01. Instead, article 28.02 implicitly recognizes a prosecutor has the right to present argument on a defendant's motion. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 ("The counsel of the defendant has the right to open and conclude the argument upon all pleadings of the defendant presented for the decision of the judge"). Because article 28.02 provides the defendant has the right to open and conclude the argument on his pre-trial motions, article 28.02 recognizes the prosecutor's right to argue after the defendant's opening argument and before the defendant's closing argument. *See id*.

## COURT COSTS

In his fifth issue, Riggan asserts the trial court erred in assessing costs because the three offenses were consolidated for trial, but costs were assessed as if three separate trials were held. Although article 102.073 of the Code generally allows a court to assess each court cost or fee only once against a defendant who is convicted of two or more offenses in a single criminal action, article 102.073 "does not apply to a single criminal action alleging only the commission of two or more offenses punishable by fine only." *See* TEX. CODE CRIM. PROC. ANN. art. 102.073. Because the offenses for which Riggan was convicted were punishable by fine only, the court did not err in its assessment of costs for each offense.

## AUTHORITY OF OFFICER

In his sixth and final issue, Riggan contends the officer was not authorized to stop him because he did not have the certification required by 37 TEX. ADMIN. CODE § 4.13. The regulation cited by Riggan, however, is a commercial vehicle regulation which sets forth the authority of officers to stop a motor vehicle subject to Chapter 644 of the Texas Transportation Code. *See id*. Chapter 644 of the Texas Transportation Code governs commercial motor vehicles. TEX. TRANSP. CODE ANN. §§ 644.001-644.252. In this case, Riggan was not driving a commercial motor vehicle; therefore, the officer was not required to have the certification required by the regulation.

**CONCLUSION**

Having overruled all of Riggan's issues, the trial court's judgments are affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH